# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

ROBERT ANDREWS,

Plaintiff,

v.

SEAN F. SOON,

Defendant.

## <u>Civil Action No. 1:25-cv-03400-CNS-TPO</u>

## <u>NON-PARTY MOVANT JOSEPH A. CAMP'S MOTION FOR RECONSIDERATION OF MINUTE ORDER (ECF NO. 50)</u>

Non-Party Movant Joseph A. Camp, appearing pro se, respectfully moves this Court pursuant to its inherent authority and Federal Rule of Civil Procedure 54(b) for reconsideration of the Minute Order and Order of Referral entered on December 30, 2025 (ECF No. 50), which imposed filing restrictions on Movant without notice, hearing, or findings of vexatious conduct. This motion is filed in light of the Tenth Circuit Court of Appeals' Order dated January 30, 2026, in Case No. 25-1477 (attached as Exhibit A), which denied Movant's petition for writ of mandamus but granted leave to amend the petition and highlighted ongoing issues

with the restriction's selective enforcement and its continued effect on Movant's access to the Court. For the reasons set forth below, reconsideration is warranted to correct clear error and prevent manifest injustice.

## I. INTRODUCTION

On December 30, 2025, this Court entered a Minute Order (ECF No. 50) directing the Clerk to decline any future filings from Movant until further order of the Court. This restriction was imposed sua sponte, without prior notice, an opportunity to be heard, or specific findings justifying such a sanction, in violation of due process requirements under Tenth Circuit precedent. See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989) (requiring notice and hearing before imposing filing restrictions); Cauthon v. Rogers, 116 F.3d 1334, 1337 (10th Cir. 1997) (restrictions must be narrowly tailored with factual findings).

Movant sought emergency mandamus relief from the Tenth Circuit to vacate the order, arguing it constituted an abuse of discretion that effectively barred him from defending his First Amendment rights against an overbroad subpoena seeking to unmask anonymous political speech. On January 30, 2026, the Tenth Circuit issued its Order, granting Movant's motion to amend his petition but denying the writ. In its reasoning, the appellate court expressly acknowledged that "the district court's order only restricted petitioner's filings until further order of the court," that "the order has not been withdrawn and it continues to restrict petitioner's filings," and that Movant had argued "the district court has arbitrarily and selectively rejected some of his filings" since entry of the order. See Exhibit A at 2-3.

Although the Tenth Circuit denied mandamus relief, finding that Movant had not been "effectively excluded from federal court" due to the Court's allowance of

certain filings and the full briefing of discovery motions, the Order underscores the restriction's ongoing and selective nature. Id. at 2. This highlights the need for reconsideration: the restriction remains in place, imposes arbitrary barriers on Movant's participation as a non-party defending core constitutional interests, and risks manifest injustice by chilling protected speech without procedural safeguards. Movant respectfully requests that the Court vacate ECF No. 50 and any subsequent orders perpetuating the restriction (e.g., ECF No. 69) to restore full access and align with due process.

## II. LEGAL STANDARD

This Court has broad discretion to reconsider its interlocutory orders at any time before final judgment. Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see also Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007) (district courts retain "considerable discretion" to revisit non-final orders).

Here, reconsideration is warranted under the third prong. The Tenth Circuit's Order constitutes new evidence shedding light on the restriction's ongoing impact, and vacating the order is necessary to correct the clear error of imposing sanctions without due process and to prevent manifest injustice to Movant's First and Fourteenth Amendment rights. See Elrod v. Burns, 427 U.S. 347, 373 (1976) (loss

of First Amendment freedoms constitutes irreparable injury); Tripati, 878 F.2d at
354 (filing restrictions require procedural protections).

III. ARGUMENT

A. The Tenth Circuit's Order Provides New Evidence of the Restriction's Ongoing
and Arbitrary Nature, Warranting Reconsideration to Prevent Manifest Injustice.

The appellate court's Order, issued today, directly addresses the issues raised in
Movant's mandamus petition and amended petition, providing fresh insight into the
Minute Order's deficiencies. Specifically, the Tenth Circuit noted:

- The restriction "continues to restrict petitioner's filings" despite the
  allowance of some papers. Exhibit A at 2.
- Movant's argument that the Court "has arbitrarily and selectively rejected
  some of his filings," including his objection to Plaintiff's motion for leave to
  file a second amended complaint. Id. at 2-3.
- While denying mandamus due to the lack of "effective exclusion" from court
  (e.g., discovery motions are now fully briefed), the appellate court did not
  endorse the restriction's validity or procedural propriety. Id. at 3.

This acknowledgment of the restriction's persistence and selective enforcement
constitutes new evidence unavailable at the time of ECF No. 50's entry. It confirms
that the order operates as an indefinite and uneven barrier, risking arbitrary denials
of future filings essential to Movant's defense against the subpoena. As an
international pro se litigant, Movant faces undue burdens from such uncertainty,
including chilled speech and impaired ability to respond to developments in this

case. See McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 342 (1995) (anonymity protects political speech from retaliation).

Failure to reconsider would perpetuate manifest injustice, as the restriction was imposed solely in response to Movant's legitimate defensive filings (e.g., Motion to Quash Subpoena, ECF No. 27) without evidence of abuse. The appellate court's observation that further filings are "likely unnecessary" (Exhibit A at 2) does not justify maintaining the order; rather, it supports vacating it to eliminate unnecessary restraints on access to justice. See Werner v. State of Utah, 32 F.3d 1446, 1447 (10th Cir. 1994) (mandamus appropriate for exclusion from court, but district courts should avoid unwarranted restrictions).

B. Reconsideration Is Necessary to Correct Clear Error in Imposing Restrictions Without Due Process.

The Minute Order was entered without notice, hearing, or findings, constituting clear error under controlling Tenth Circuit law. Tripati, 878 F.2d at 354 (reversing restrictions for lack of procedural safeguards); Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006) (vacating improper filing bar). The appellate court's denial of mandamus does not preclude this Court from correcting its own error; indeed, the Order's emphasis on the restriction's ongoing effect invites reconsideration to ensure compliance with due process. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (mandamus is extraordinary remedy where no other relief available; here, reconsideration provides an adequate alternative).

Movant's filings have been limited to protecting First Amendment anonymity against a subpoena lacking nexus to the underlying claims. No vexatious pattern exists, and the appellate court implicitly recognized this by noting the full briefing

of substantive motions without issue. Vacating the order would align with the Court's discretion to tailor access appropriately, preventing undue prejudice. See Cauthon, 116 F.3d at 1337 (restrictions must be based on specific findings and narrowly tailored).

IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant this motion, reconsider and vacate the Minute Order (ECF No. 50) and any perpetuating orders, and permit unrestricted filings consistent with the rules. This relief will correct clear error, prevent manifest injustice, and safeguard constitutional rights in light of the Tenth Circuit's guidance.

Dated: January 30, 2026

Respectfully submitted,

/s/ Joseph A. Camp


Non-Party Movant

CampJosephA@gmail.com

720.454.5240


**NON-PARTY MOVANT JOSEPH A. CAMP'S MOTION FOR RECONSIDERATION OF MINUTE ORDER (ECF NO. 50)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, a true and correct copy of the foregoing

## NON-PARTY MOVANT JOSEPH A. CAMP'S MOTION FOR
## RECONSIDERATION OF MINUTE ORDER (ECF NO. 50)

was served via email on all counsel of record, the District Court and all interested parties  pursuant to Fed. R. Civ. P. 5(b).

*/s/ Joseph A. Camp*

Joseph A. Camp

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

————————————————————

FILED
United States Court of Appeals
Tenth Circuit

**January 30, 2026**

Christopher M. Wolpert
Clerk of Court

In re: JOSEPH A. CAMP,

      Petitioner.

No. 25-1477
(D.C. No. 1:25-CV-03400-CNS-TPO)
(D. Colo.)

————————————————————

**ORDER**

————————————————————

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.

————————————————————

Petitioner seeks a writ of mandamus to compel the district court to vacate a minute

order dated December 30, 2025, ordering the court clerk to decline to accept any future

filings from him until further order of court.  Petitioner argues this order restricting his

non-party filings was entered without appropriate notice or opportunity to be heard, that

his underlying filings concern important First Amendment interests, and that he has no

other means to obtain relief from the order.

Mandamus can be an appropriate method of obtaining review when a litigant has

been effectively excluded from federal court.  *Werner v. State of Utah*, 32 F.3d 1446,

1447 (10th Cir. 1994).  But "a writ of mandamus is a drastic remedy, and is to be invoked

only in extraordinary circumstances," and "we will grant a writ [of mandamus] only

when the district court has acted wholly without jurisdiction or so clearly abused its

discretion as to constitute usurpation of power."  *In re Cooper Tire & Rubber Co.*,

568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted).  To obtain

mandamus relief, the party must have no other adequate means to obtain the desired

relief; he must demonstrate that his right to the writ is clear and indisputable; and we, in an exercise of our discretion, must be satisfied that the writ is appropriate under the circumstances. *Id.* at 1187.

Petitioner's non-party role in the district court case is essentially limited to seeking to quash a subpoena. Although he sought emergency mandamus relief from this court in light of the subpoena's pending production deadline of January 5, 2026, he did not move to proceed in forma pauperis, and he did not pay the required filing fee for the mandamus petition until January 13. Thus, the January 5 deadline invoked in his mandamus petition has now passed.

More importantly, the district court's order only restricted petitioner's filings until further order of the court. Although the order has not been withdrawn and it continues to restrict petitioner's filings, the district court has now permitted petitioner to file numerous papers that address the relief he seeks along with other, collateral issues. The district court's most recent minute order indicates that petitioner's discovery motions are now fully briefed and further filings are likely unnecessary. We see no reason to conclude otherwise.

Recently, petitioner filed in this court a motion seeking leave to amend his emergency petition for writ of mandamus. In this latest filing he argues that since its entry of the filing restrictions order, the district court has arbitrarily and selectively rejected some of his filings. He also seeks to vacate subsequent orders that he claims perpetuate the restrictions. The only rejected filing he specifically mentions is his objection to the plaintiff's motion seeking leave to file a second amended complaint in

the underlying matter.  That rejected objection presents petitioner's arguments about the merits of the motion for leave to amend.

As a non-party movant concerned with the enforcement of a subpoena, petitioner has shown no clear and indisputable right to object to plaintiff's request for leave to amend his complaint.  *See In re Cooper Tire & Rubber Co.*, 568 F.3d at 1187 (petitioner seeking writ of mandamus must demonstrate his right to the writ is clear and indisputable).  Having carefully considered petitioner's motion for leave to amend his mandamus petition and the proposed amended mandamus petition, we conclude they do not show his entitlement to mandamus relief.

In sum, petitioner has not shown that he has been effectively excluded from federal court or that a writ of mandamus is appropriate under the circumstances.  Accordingly, we grant his motion to file an amended petition but deny his emergency and amended emergency petitions for a writ of mandamus.

Entered for the Court

Per Curiam

3

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

**JOSEPH A. CAMP**, pro se,

Petitioner,

v.

**ROBERT ANDREWS**,

Respondent.

**No.: 25-1477**

**Underlying matter: Andrews v. Soon: Civil Action No. 1:25-cv-03400-CNS-TPO**

---

## AMENDED EMERGENCY PETITION FOR WRIT OF MANDAMUS (28 U.S.C. § 1651(a); Fed. R. App. P. 21)

Petitioner Joseph A. Camp, appearing *pro se* as a non-party movant in the underlying action, respectfully petitions this Court pursuant to 28 U.S.C. § 1651(a), Federal Rule of Appellate Procedure 21, and Tenth Circuit Rule 21 for an amended emergency writ of mandamus directing Respondents to vacate the Minute Order and Order of Referral entered on December 30, 2025 (**ECF No. 50, attached as Exhibit A**), as well as subsequent orders perpetuating the restriction (e.g., **ECF No. 69, January 21, 2026, attached as Exhibit B**). This amended petition incorporates significant post-filing developments, which confirm the district court's clear abuse of discretion, arbitrary and selective enforcement of filing restrictions, violations of Petitioner's First Amendment rights to anonymous political speech, due process protections under the Fourteenth Amendment, and leaves Petitioner without any adequate alternative remedy.

Immediate relief is necessary to prevent irreparable harm to Petitioner's ability to defend his interests in ongoing proceedings, including his pending Motion to Quash Subpoena and for Sanctions (ECF No. 27, as supplemented), which seeks to

protect core First Amendment interests against an overbroad subpoena aimed at unmasking anonymous criticism of a public figure. The district court's actions have chilled protected speech, frustrated judicial access, and imposed undue burdens on an international pro se litigant, warranting extraordinary relief. As the Tenth Circuit has repeatedly emphasized, mandamus is the appropriate vehicle to address such procedural abuses that evade ordinary appellate review. See, e.g., Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006) (granting mandamus to vacate improper filing restrictions); In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1186 (10th Cir. 2009) (mandamus for discovery orders lacking adequate remedies); In re Qwest Commc'ns Int'l Inc., 396 F.3d 1178, 1185 (10th Cir. 2004) (mandamus to prevent interference with coequal branch functions).

## I. INTRODUCTION

This petition arises from an extraordinary and constitutionally defective order entered against a non-party journalist, barring him from filing any further documents in the district court related to this case without court approval, without notice, without a hearing, and without any findings of vexatious conduct. The order was entered in response to filings made solely to defend against a third-party subpoena seeking to unmask anonymous political speech. Because the order both (1) prevents Petitioner from defending his First Amendment rights and (2) forecloses all ordinary procedural remedies, mandamus is the only available avenue of relief.

The district court's imposition of a pre-filing restriction—selectively enforced to docket some substantive filings while rejecting others—constitutes a paradigmatic abuse of discretion, violating well-established Tenth Circuit precedents requiring due process for such sanctions. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989) (reversing vexatious litigant order for lack of notice and hearing); Cauthon v. Rogers, 116 F.3d 1334, 1337 (10th Cir. 1997) (restrictions must be narrowly tailored with specific findings). Moreover, the order operates as a prior restraint on protected anonymous speech, presumptively unconstitutional under Supreme Court doctrine. Near v. Minnesota ex rel. Olson, 283 U.S. 697, 713 (1931) (prior restraints invalid absent extraordinary circumstances); New York Times Co. v. United States, 403 U.S. 713, 714 (1971) (Pentagon Papers case, rejecting prior restraint on national security grounds).

Post-order developments, including arbitrary non-docketing of Petitioner's
opposition to amendment (which could moot the subpoena), underscore the need
for mandamus to restore access to justice. Without this Court's intervention,
Petitioner—an international pro se litigant—faces irreparable harm from
unmasking, as the loss of First Amendment freedoms, even temporarily, is
presumptively irreparable. Elrod v. Burns, 427 U.S. 347, 373 (1976); see also
Uzuegbunam v. Preczewski, 141 S. Ct. 792, 798 (2021) (nominal damages suffice
for First Amendment violations due to inherent harm).

## II. JURISDICTION

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), to issue
writs of mandamus in aid of its appellate jurisdiction. Cheney v. U.S. Dist. Court,
542 U.S. 367, 380 (2004) (mandamus available for clear abuses lacking other
remedies); In re Cooper Tire, 568 F.3d at 1186 (Tenth Circuit applying Cheney
standards). Mandamus relief is appropriate where:

1. the petitioner has no other adequate means of relief;
2. the right to issuance of the writ is clear and indisputable; and
3. issuance of the writ is appropriate under the circumstances.

Cheney, 542 U.S. at 380–81; see also In re Qwest, 396 F.3d at 1185 (Tenth Circuit
emphasizing mandamus for procedural orders evading review); In re Vargas, 723
F.2d 1461, 1468 (10th Cir. 1983) (mandamus to correct judicial overreach). Each
requirement is satisfied here, as detailed below.

## III. RELEVANT BACKGROUND

### A. The Underlying Case

The underlying civil action is *Andrews v. Soon*, Case No. 1:25-cv-03400-CNS-TPO
(D. Colo.). The dispute concerns alleged employment-related claims between
Plaintiff Robert Andrews and Defendant Sean Soon. Petitioner Joseph A. Camp is
not a party.

### B. The Subpoena to Unmask Anonymous Political Speech

On December 19, 2025, Plaintiff issued a subpoena duces tecum to Automattic Inc. d/b/a WordPress.com, seeking identifying information sufficient to reveal the anonymous operator of the political website NotForAurora.com. The subpoena demanded:

- registrant data;
- IP addresses;
- billing information;
- all account metadata

all "*sufficient to identify*" the website's operator. (Id.)

As explained in Petitioner's filings, the website consists entirely of political commentary and documentation concerning a public official, placing it squarely within core First Amendment protection. McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 342 (1995) (anonymity protects against majority tyranny); Talley v. California, 362 U.S. 60, 64 (1960) (anonymous pamphlets shielded); Buckley v. American Constitutional Law Foundation, Inc., 525 U.S. 182, 199 (1999) (anonymity in petition circulation). The Website critiques Andrews on public concerns, drawing from public records, and serves democratic accountability. Sullivan, 376 U.S. at 270 (robust debate essential).

## C. Petitioner's Defensive Filings

In response, Petitioner filed a series of pleadings including his Motion to Quash Subpoena and for Sanctions pursuant to Fed. R. Civ. P. 45(d)(3), asserting:
- First Amendment anonymity protections;
- undue burden on a non-party;
- lack of nexus to the underlying claims;
- improper attempt to use discovery to retaliate against protected speech.

Those arguments were further developed in *Petitioner's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*, which explained that granting amendment would prolong litigation and keep the unconstitutional subpoena alive. Prior to intervention, Petitioner engaged in meet-and-confer emails, justified as protected hyperbole in ECF No. 43.

Petitioner's specific permitted filings include (pre and post restrictions):

- **ECF No. 26**: NON-PARTY'S MOTION to Quash Subpoena and for Sanctions (filed December 23, 2025). This initial motion to quash was duplicated by the clerk in ECF No. 32 (Non-Party's MOTION to Quash Subpoena and for Sanctions, filed December 26, 2025) and ECF No. 45 (Non-Party's MOTION to Quash Subpoena and for Sanctions, filed December 29, 2025), likely due to processing of emailed submissions as acknowledged in ECF No. 69.

- **ECF No. 27**: Non-Party's Special MOTION Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions (filed December 24, 2025). This initial Anti-SLAPP motion was duplicated by the clerk in ECF No. 31 (Non-Party's Special MOTION Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions, filed December 26, 2025) and ECF No. 44 (Non-Party's Special MOTION Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions, filed December 29, 2025), again due to clerical processing.

- **ECF No. 28**: Non-Party NOTICE of Filing Disciplinary Complaint with the Office of Attorney Regulation Counsel (filed December 26, 2025). No duplication noted.

- **ECF No. 29**: Memorandum to All Parties (Not Filed with the Court) from Joseph A. Camp (filed December 26, 2025). This non-docketed memorandum is similar to ECF No. 46 (Memorandum to All Parties (Not Filed with the Court) by Joseph A. Camp, filed December 29, 2025), reflecting clerk's handling of non-filed items.

- **ECF No. 30**: Non-Party Movant's MOTION to Receive Electronic Notifications of Filings and Orders (filed December 26, 2025). No duplication noted.

- **ECF No. 33**: Non-Party's MOTION to Restrict Public Access to Documents Pursuant to D.C.COLO.LCivR. 7.2 (filed December 26, 2025). No duplication noted.

- **ECF No. 34**: Non-Party NOTICE of Sending Notice of Intent to File Suit Against Plaintiff (filed December 26, 2025). No duplication noted.

- **ECF No. 35**: Non-Party NOTICE Regarding the Value of Time Invested in Defense of Subpoena (filed December 26, 2025). This was duplicated by the

clerk in ECF No. 37 (Non-Party's NOTICE Regarding the Value of Time
Invested in Defense of Subpoena, filed December 26, 2025).

- **ECF No. 36**: NOTICE of Intent to Sue Pursuant to Colo. Rev. Stat. §
  24-10-109 (Colorado Governmental Immunity Act) - As Courtesy for
  Potential State Law Claims (filed December 26, 2025). No duplication
  noted.

- **ECF No. 38**: Non-Party's MOTION for Specified Discovery Pursuant to
  C.R.S. § 13-20-1101(4)(b) (filed December 26, 2025). No duplication noted.

- **ECF No. 39**: Non-Party's NOTICE of Response Regarding the Filing of
  Disciplinary Complaint with the Office of Attorney Regulation Counsel
  (filed December 26, 2025). No duplication noted.

- **ECF No. 40**: Non-Party's NOTICE of Sending Preservation Demand Letter
  to Plaintiff and Counsel (filed December 26, 2025). No duplication noted.

- **ECF No. 41**: Non-Party NOTICE of Sending Notice of Intent to Sue to
  Council Member Rob Lee Andrews (filed December 29, 2025). No
  duplication noted.

- **ECF No. 42**: NOTICE and Memorandum of Law Regarding Non-Party
  Movant's Good-Faith Efforts to Meet and Confer Pursuant to
  D.C.COLO.LCivR 7.1(a), or in the Alternative, Justification for Proceeding
  Without a Full Meet and Confer Certificate (filed December 29, 2025). No
  duplication noted.

- **ECF No. 43**: Non-Party's NOTICE and Memorandum of Law Justifying
  Offensive Email Communications with Attorneys Prior to Filing Motions in
  this Matter (filed December 29, 2025). No duplication noted.

- **ECF No. 47**: Non-Party Joseph A. Camp's MOTION to Disqualify Counsel
  Abigail Zinman and Shelby Woods from Further Representation of Plaintiff
  Robert Andrews (filed December 30, 2025). No duplication noted.

- **ECF No. 48**: Non-Party's MOTION for Leave to Supplement Arguments in
  Special Motion Under Colorado's Anti-SLAPP Statute to Quash Subpoena
  and for Fees and Sanctions (filed December 30, 2025). No duplication noted.

- **ECF No. 49**: Supplement Arguments to Special Motion Under Colorado's
  Anti-SLAPP Statute (Doc. 27 and 31) from Movant Joseph A. Camp (filed
  December 30, 2025). No duplication noted.

- **ECF No. 55**: Non-Party MOTION for Leave to File and MOTION for Recusal of Judge Charlotte N. Sweeney (filed December 31, 2025). No duplication noted.
- **ECF No. 57**: Supplemental Notice of New Evidence and MOTION for Enhanced Sanctions (filed January 13, 2026). No duplication noted.
- **ECF No. 63**: REPLY in Support of MOTION to Quash (ECF Nos. 26, 32, 45) (filed January 14, 2026). No duplication noted.
- **ECF No. 64**: REPLY in Support of MOTION to Quash (ECF Nos. 27, 31, 44) (filed January 16, 2026). This was duplicated by the clerk in ECF No. 70 (REPLY in Support of MOTION to Quash (ECF Nos. 27, 31, 44), filed January 21, 2026, as the docketed version of the January 14, 2026 reply per ECF No. 69).
- **ECF No. 71**: REPLY in Support of MOTION for Discovery (ECF No. 38) (filed January 21, 2026, as the docketed version of the January 17, 2026 reply per ECF No. 69). No duplication noted.
- **ECF No. 72**: NOTICE re: Leave to Amend Reply in Support (filed January 21, 2026, as the docketed version of the January 17, 2026 leave to amend per ECF No. 69). No duplication noted.
- **ECF No. 73**: SUPPLEMENTAL NOTICE of New Evidence (filed January 21, 2026, as the docketed version of the January 19, 2026 supplemental notice/motion for enhanced sanctions per ECF No. 69). This was duplicated by the clerk in ECF No. 75 (SUPPLEMENTAL NOTICE of New Evidence, filed January 21, 2026, as the docketed version of the January 21, 2026 supplemental notice/motion for enhanced sanctions per ECF No. 69).
- **ECF No. 74**: REPLY in Support of MOTION to Disqualify Counsel (ECF No. 47) (filed January 21, 2026, as the docketed version of the January 19, 2026 reply per ECF No. 69). No duplication noted.

These filings are all substantive and necessary to protect Petitioner's rights, with any duplicates attributable to the clerk's processing of emailed submissions, as Movant does not have filing permissions in the underlying District Court matter. Furthermore, there exists no "vulgar" or unprofessional language contained within any of these pleadings. Volume does not equate to vexation.

**D. The Filing Restriction Order**

On December 30, 2025, the district court entered **Minute Order No. 50**, stating that: "*Mr. Camp has filed numerous duplicative motions… designed to harass and oppress Plaintiff and Plaintiff's counsel,*" and directing the Clerk of Court to: "*DECLINE to accept any future filings from Mr. Camp related to this case unless and until there is a further order by the Court.*" (**Exhibit A**)

- No hearing was held. No notice was provided.
- No opportunity to respond was given.
- The order was entered *sua sponte* and transmitted by email (**Exhibit A**).

## E. Post-Order Developments Confirm Arbitrariness

After entry of the filing restriction:

- The court selectively accepted certain communications while rejecting others;
- Filings opposing amendment of the complaint were not docketed, despite non-party standing (**Exhibit C**);
- The restriction remained in effect without clarification;
- Petitioner was unable to respond to developments affecting the subpoena's validity.

This selective enforcement underscores the absence of neutral standards and confirms the arbitrary nature of the restriction. (**Exhibit B, ECF No. 69.**) Petitioner paid the appellate docket fee, but Respondents have not replied.

## IV. WHY THIS ORDER VIOLATES GOVERNING LAW

## A. Filing Restrictions Require Due Process

The Tenth Circuit has held unequivocally that filing restrictions may not be imposed unless the court:

1. provides notice;

2.  affords an opportunity to respond;
3.  makes specific findings of abusive litigation conduct; and
4.  narrowly tailors the restriction.

Tripati, 878 F.2d at 354; Cauthon, 116 F.3d at 1337; Sieverding, 469 F.3d at 1344 (vacating for lack of findings); see also De Long, 912 F.2d at 1147 (requiring abuse record); Cromer, 390 F.3d at 819 (vacating for no notice); Molski, 500 F.3d at 1058 (detailed findings mandatory). None of these prerequisites occurred here. The order therefore constitutes a clear abuse of discretion, warranting mandamus. In re Cooper Tire, 568 F.3d at 1186.

## B. The Court Made No Findings of Vexatious Conduct

The order cites "numerous filings" but identifies no frivolous motion, no bad-faith argument, and no violation of court rules. Volume alone does not constitute vexatious conduct—particularly where filings arise from an imminent subpoena deadline threatening constitutional injury. Sieverding, 469 F.3d at 1344; Tripati, 878 F.2d at 354 (reversing without specific abuse). Duplicates were clerical, not intentional. Fed. R. Civ. P. 5(d)(4); In re McDonald, 489 U.S. 180, 184 (1989).

## C. The Restriction Operates as a Prior Restraint

By barring filings related to the subpoena, the order prevents Petitioner from defending anonymous political speech. Prior restraints are presumptively unconstitutional. Near, 283 U.S. at 713; New York Times Co., 403 U.S. at 714; Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963) (informal censorship invalid); Vance v. Universal Amusement Co., 445 U.S. 308, 317 (1980) (prior restraint on obscenity). The Supreme Court has repeatedly emphasized that anonymity is a "shield from the tyranny of the majority." McIntyre, 514 U.S. at 357; Talley, 362 U.S. at 64; Buckley, 525 U.S. at 199.

## D. Non-Party Rights Were Improperly Curtailed

Non-parties have standing to oppose subpoenas and to file papers affecting their legal interests. In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998); Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999); Universitas Educ., LLC v. T.D. Bank, N.A., 2015 WL 9304552, at *3 (S.D.N.Y.

Dec. 14, 2015) (non-party standing to quash). The filing ban stripped Petitioner of
this fundamental procedural right.

**E. Arbitrary Selective Enforcement**

Post-order, the court docketed some filings but refused others, like the opposition
to amendment (**Exhibit C**), violating equal protection. Olech, 528 U.S. at 564;
Engquist, 553 U.S. at 602. This arbitrariness confirms the order's invalidity.

## V. POST-ORDER DEVELOPMENTS CONFIRM ARBITRARINESS

After entry of the filing restriction:
- The court selectively accepted communications (e.g., ECF 63-75);
- Rejected others (e.g., **Exhibit C**);
- Maintained the restriction without clarification (**Exhibit B**);
- Prevented responses to subpoena developments.

This selective enforcement underscores the absence of neutral standards and
confirms the arbitrary nature of the restriction, meriting mandamus. Sieverding,
469 F.3d at 1343.

## VI. NO ADEQUATE ALTERNATIVE REMEDY EXISTS

The order is interlocutory and not appealable under 28 U.S.C. § 1291. The filing
ban itself prevents motions for reconsideration. Thus, Petitioner is trapped in a
procedural dead end—precisely the circumstance mandamus is designed to
remedy. Cheney, 542 U.S. at 380; In re Cooper Tire, 568 F.3d at 1186; Sieverding,
469 F.3d at 1343.

## VII. IRREPARABLE HARM

Loss of First Amendment freedoms, even briefly, constitutes irreparable injury.
Elrod, 427 U.S. at 373; see also Uzuegbunam, 141 S. Ct. at 798; Roman Catholic
Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020) (per curiam) (irreparable
harm from free exercise restrictions); Singh v. Berger, 56 F.4th 88, 108 (D.C. Cir.
2022) (First Amendment harms presumptively irreparable). If the subpoena is

enforced while Petitioner is silenced, anonymity is permanently destroyed. No later ruling can restore it.

## VIII. PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

1. Issue a writ of mandamus vacating Minute Order No. 50;
2. Direct the district court to accept filings from Petitioner without prior leave;
3. Stay enforcement of the Automattic subpoena pending resolution; and
4. Grant such further relief as justice requires.

Dated: January 25, 2026

Respectfully submitted,

/s/ Joseph A. Camp
Joseph A. Camp

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2026, a true and correct copy of the foregoing Amendment was served via email on all interested parties.

/s/ Joseph A. Camp

Joseph A. Camp

## EXHIBIT A (Minute Order 50)

| 50 | order   Memorandum Minute Order   Tue 12/30 11:51 AM |

MINUTE ORDER and ORDER OF REFERRAL: This matter is before the Court on Non-party Movant, Joseph A. Camp's numerous filings. ECF No. 26-49. To the extent such filings consist of motions (ECF Nos. 26, 27, 30-33, 38, 44, 45, 47, and 48), they are referred to Magistrate Judge Timothy OHara. Mr. Camp's filings appear to have been initiated in response to a subpoena issued by Plaintiff to Automattic Inc. d/b/a wordpress.com d/b/a Knock Knock WHOIS Not There, LLC. ECF No. 26. In review of such filings, the Court observes that Mr. Camp has filed numerous duplicative motions that appear uniquely and solely designed to harass and oppress Plaintiff and Plaintiffs counsel, as well as exhaust this Court's resources. In its review, the Court further noted Mr. Camp's self-identified status as the "Pro Se Nightmare," ECF26 at 23 and his repeated use of offensive and vulgar terminology. As a result of this repeated conduct, the Clerk of Court is directed to DECLINE to accept any future filings from Mr. Camp related to this case unless and until there is a further order by the Court. By Judge Charlotte N. Sweeney on 12/30/2025. The Court orders that the Clerk of Court send a copy of this document to Mr. Camp via email at CampJosephA@gmail.com. Text Only Entry (cnsja, )

MINUTE ORDER and ORDER OF REFERRAL: This matter is before the Court on Non-party Movant, Joseph A. Camp's numerous filings. ECF No. 26-49. To the extent such filings consist of motions (ECF Nos. 26, 27, 30-33, 38, 44, 45, 47, and 48), they are referred to Magistrate Judge Timothy OHara. Mr. Camp's filings appear to have been initiated in response to a subpoena issued by Plaintiff to Automattic Inc. d/b/a wordpress.com d/b/a Knock Knock WHOIS Not There, LLC. ECF No. 26. In review of such filings, the Court observes that Mr. Camp has filed numerous duplicative motions that appear uniquely and solely designed to harass and oppress Plaintiff and Plaintiffs counsel, as well as exhaust this Court's resources. In its review, the Court further noted Mr. Camp's self-identified status as the "Pro Se Nightmare," ECF26 at 23 and his repeated use of offensive and vulgar terminology. As a result of this repeated conduct, the Clerk of Court is directed to DECLINE to accept any future filings from Mr. Camp related to this case unless and until there is a further order by the Court. By Judge Charlotte N. Sweeney on 12/30/2025. The Court orders that the Clerk of Court send a copy of this document to Mr. Camp via email at CampJosephA@gmail.com. Text Only Entry (cnsja, )

## EXHIBIT B (Minute Order 69)

**69** `order` `Order on Motion for Recusal Order on Motion for Leave` `Wed 01/21 3:00 PM`

ORDER: Upon consideration of Non-Party Joseph Camp's Motion for Recusal, ECF No.55 , the motion is DENIED. This Court has received over 100 emails from Mr. Camp in the last month. Many of those emails contain derogatory remarks about this Court, the clerk's office, plaintiff's counsel, and the plaintiff. It was for this reason the Court requires Mr. Camp to seek leave to file any new pleadings. A few of Mr. Camp's emails have contained motions or replies. More of his emails have contained corrected or duplicate motions or replies. The Court has accepted these for filing, as they did not contain the offensive commentary that plagued Mr. Camp's original filings. But many of his emails, however, simply contained commentary about a variety of individuals, thus supporting the Court's decision to monitor his filings. As clearly evidenced by the docket in this case, the discovery motions pertaining to, or filed by Mr. Camp, have been referred to Magistrate Judge Timothy P. O'Hara, who is taking the motions under advisement and will issue prompt rulings. Additionally, the Clerk of Court is directed to docket the following six filings from Mr. Camp by separate entries on the docket: (1) Non-Party Joseph Camp's Reply in Support of Special Motion(s)27 ,31 ,44 Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions, dated 1/14/26; (2) Non-Party Joseph Camp's Reply in Support of Motion38 for Specified Discovery, dated 1/17/26; (3) Non-Party Joseph Camp's Leave to Amend, And Amended Reply in Support of Motion38 for Specified Discovery, dated 1/17/26; (4) Non-Party Joseph Camp's Supplemental Notice of New Evidence and Motion for Enhanced Sanctions, dated 1/19/26; (5) Non-Party Joseph Camp's Reply in Support of Motion47 to Disqualify Counsel Abigail Zinman and Shelby Woods, dated 1/21/26; (6) Non-Party Joseph Camp's Supplemental Notice of New Evidence and Motion for Enhanced Sanctions, dated 1/21/26. The Court emphasizes that this completes the briefing on the motions that are currently pending before Magistrate Judge O'Hara. Going forward, Mr. Camp shall discontinue emailing chambers or the clerk's office unless he is forwarding a motion for leave to file in accordance with this Court's order at ECF No. 50 . However, because the discovery motions are fully briefed, such filings are likely unnecessary. If, and when, Magistrate Judge O'Hara sets a hearing on the pending motions, it will be reflected on the docket. By Judge Charlotte N. Sweeney on 1/21/2026. Text Only Entry(cnsja, )

ORDER: Upon consideration of Non-Party Joseph Camp's Motion for Recusal, ECF No.55 , the motion is DENIED. This Court has received over 100 emails from Mr. Camp in the last month. Many of those emails contain derogatory remarks about this Court, the clerk's office, plaintiff's counsel, and the plaintiff. It was for this reason the Court requires Mr. Camp to seek leave to file any new pleadings. A few of Mr. Camp's emails have contained motions or replies. More of his emails have contained corrected or duplicate motions or replies. The Court has accepted these for filing, as they did not contain the offensive commentary that plagued Mr. Camp's original filings. But many of his emails, however, simply contained commentary about a variety of individuals, thus supporting the Court's decision to monitor his filings. As clearly evidenced by the docket in this case, the discovery motions pertaining to, or filed by Mr. Camp, have been referred to Magistrate Judge Timothy P. O'Hara, who is taking the motions under advisement and will issue prompt rulings. Additionally, the Clerk of Court is directed to docket the following six filings from Mr. Camp by separate entries on the docket: (1) Non-Party Joseph Camp's Reply in Support of Special Motion(s)27 ,31 ,44 Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions, dated 1/14/26; (2) Non-Party Joseph Camp's Reply in Support of Motion38 for Specified Discovery, dated 1/17/26; (3) Non-Party Joseph Camp's Leave to Amend, And Amended Reply in Support of Motion38 for Specified Discovery, dated 1/17/26; (4) Non-Party Joseph Camp's Supplemental Notice of New

Evidence and Motion for Enhanced Sanctions, dated 1/19/26; (5)
Non-Party Joseph Camp's Reply in Support of Motion47 to Disqualify
Counsel Abigail Zinman and Shelby Woods, dated 1/19/26; (6) Non-Party
Joseph Camp's Supplemental Notice of New Evidence and Motion for
Enhanced Sanctions, dated 1/21/26. The Court emphasizes that this
completes the briefing on the motions that are currently pending before
Magistrate Judge O'Hara. Going forward, Mr. Camp shall discontinue
emailing chambers or the clerk's office unless he is forwarding a motion for
leave to file in accordance with this Court's order at ECF No. 50 . However,
because the discovery motions are fully briefed, such filings are likely
unnecessary. If, and when, Magistrate Judge O'Hara sets a hearing on the
pending motions, it will be reflected on the docket. By Judge Charlotte N.
Sweeney on 1/21/2026. Text Only Entry(cnsja, )

**EXHIBIT C (Non-Party Joseph A. Camp's Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint [Doc. 23])**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

ROBERT ANDREWS,

Plaintiff,

v.

SEAN F. SOON,

Defendant.

## <u>Civil Action No. 1:25-cv-03400-CNS-TPO</u>

## NON-PARTY JOSEPH A. CAMP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DOC. 23]

Non-Party Joseph A. Camp ("Mr. Camp"), proceeding pro se, respectfully submits this Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("SAC") [Doc. 23]. Mr. Camp is a non-party who has been improperly subpoenaed in this action [see Doc. 27 (Non-Party's Special Motion Under Colorado's Anti-SLAPP Statute to Quash Subpoena and for Fees and Sanctions, filed Dec. 24, 2025)]. For the reasons set forth below, the Court should deny Plaintiff's Motion, as granting leave would perpetuate undue prejudice to Mr. Camp and other third parties, reward bad faith and dilatory conduct, and allow a futile shotgun pleading to prolong meritless litigation. Denial of the Motion would moot the improper subpoena issued to Automattic Inc. d/b/a WordPress.com d/b/a Knock Knock WHOIS Not There, LLC ("Automattic"), thereby alleviating the ongoing burdens on Mr. Camp and conserving judicial resources.

**INTRODUCTION**

Mr. Camp is a U.S. citizen residing in Brazil and the operator of the anonymous political commentary website https://notforaurora.com (the "Website"), which critiques public figures, including Plaintiff Robert Andrews (also known as Rob Lee Andrews), on matters of public concern. Mr. Camp has no connection to Defendant Sean Soon, the underlying claims, or the parties' dispute, which centers on alleged employment discrimination and defamation at CommunityWorks, a Colorado nonprofit. Despite this irrelevance, Plaintiff's counsel issued a sweeping third-party subpoena duces tecum to Automattic on December 19, 2025, demanding non-public data sufficient to unmask Mr. Camp's identity, IP logs, payment details, and digital footprints—all without any factual basis linking the Website to Defendant or the claims. See Doc. 27, Ex. A (Subpoena).

This subpoena constitutes an abuse of process and a de facto Strategic Lawsuit Against Public Participation ("SLAPP"), violating Mr. Camp's First Amendment rights to anonymous speech, Colo. Rev. Stat. § 13-20-1101 (Colorado's Anti-SLAPP Statute), and Fed. R. Civ. P. 45(d)(3). It has forced Mr. Camp to self-identify to defend himself, incur international litigation costs, and face potential real-world harm from chilled political expression. See Doc. 27 & Ex. B (Camp Decl.). Mr. Camp has moved to quash the subpoena and seeks sanctions, including anti-SLAPP fees [Doc. 27].

Plaintiff seeks leave to file a SAC that balloons the case from three claims to fifteen, adds new dates for alleged defamation to evade the statute of limitations, and introduces entirely new tort claims (e.g., tortious interference with contract, tortious interference with prospective business relations, and intentional infliction

NON-PARTY JOSEPH A. CAMP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT [DOC. 23]

of emotional distress) based on facts known since the Initial Complaint. See Doc. 23 & Proposed SAC [Doc. 24]. As Defendant aptly notes in his Response [Doc. 52], this is a "continued attempt to allege sufficient facts" after a Motion to Dismiss [Doc. 20], amounting to gamesmanship and a "moving target." Id. at 2-3.

As a non-party directly burdened by the litigation's prolongation, Mr. Camp has standing to oppose the Motion. See, e.g., Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999) (non-parties may oppose motions where amendments would perpetuate prejudicial discovery); In re Sealed Case, 931 F.2d 151, 153 (D.C. Cir. 1991) (non-parties have interest in mooting improper subpoenas by challenging underlying proceedings). Granting leave would extend the case's lifespan, keeping the subpoena active and imposing further undue burdens on Mr. Camp. Denial, however, would facilitate dismissal of the deficient First Amended Complaint, mooting the subpoena and collateral proceedings. See Fed. R. Civ. P. 45(d)(3)(A)(iv) (quashing subpoenas causing undue burden).

The Court should deny leave under Fed. R. Civ. P. 15(a)(2), as the proposed SAC reflects undue delay, bad faith, dilatory motive, failure to cure deficiencies earlier, futility, and undue prejudice—not only to Defendant but also to non-parties like Mr. Camp. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

**ARGUMENT**

**I. LEGAL STANDARD**

Leave to amend should be freely given "when justice so requires," but denied for "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962);

NON-PARTY JOSEPH A. CAMP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT [DOC. 23]

McMillan v. Wiley, 813 F. Supp. 2d 1238, 1253 (D. Colo. 2011). The movant bears the burden of explaining why new claims or facts were not raised earlier. Polk v. Denver Dist. Court, 849 P.2d 23, 25 (Colo. 1993). Amendments are futile if the proposed pleading "would not survive a motion to dismiss." Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). ***Courts also consider prejudice to non-parties, particularly where amendments prolong abusive discovery.*** See, e.g., United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (considering broader litigation burdens).

## II. LEAVE SHOULD BE DENIED DUE TO UNDUE DELAY, FAILURE TO CURE DEFICIENCIES EARLIER, AND DILATORY MOTIVE.

Plaintiff filed his Initial Complaint date on October, 27 2025, followed by a First Amended Complaint less than two months before the instant Motion. Now, post-Defendant's Motion to Dismiss [Doc. 20], Plaintiff seeks a second amendment to add twelve new claims and "additional dates" for defamation that conveniently fall within the one-year statute of limitations (Colo. Rev. Stat. § 13-80-103(1)(a)). See Doc. 52 at 2. Plaintiff provides no explanation for why these facts—stemming from his 2023 termination and subsequent events—were omitted earlier. See Bristol Co., LP v. Osman, 190 P.3d 752, 755 (Colo. App. 2007) (denying leave where plaintiff "provided no explanation as to why it did not present the claims earlier").

This pattern evinces dilatory motive: Plaintiff is "gaming the system" by reacting to Defendant's dismissal arguments rather than pleading adequately from the outset. Doc. 52 at 3. The new claims (e.g., tortious interference) are based on the same underlying facts (Plaintiff's employment at CommunityWorks), yet were not raised in prior pleadings. Such serial amendments waste resources and reflect bad

faith, especially amid evidence of misconduct like the subpoena to Mr. Camp, which Defendant describes as a "misguided fishing expedition" unrelated to the claims. Id. at 3 n.1. Granting leave would reward this tactic, prolonging collateral burdens on non-parties.

**III. THE PROPOSED SAC IS A SHOTGUN PLEADING AND FUTILE, AS IT FAILS TO STATE VIABLE CLAIMS AND WOULD NOT SURVIVE DISMISSAL.**

The SAC is a classic "shotgun pleading," lumping vague allegations across sixteen claims without specificity, making it impossible for Defendant (or the Court) to discern discrete causes of action. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (shotgun pleadings violate Fed. R. Civ. P. 8(a)(2) by failing to give fair notice); see also Proposed SAC [Doc. 24] (preliminary statement blending discrimination, defamation, and new torts without clear factual separation). For instance, it accuses Defendant of a "racially charged smear campaign" and fabricates stories about Plaintiff's "marriage and a made-up 'indictment,'" but provides no dates, contexts, or recipients for many allegations, forcing piecemeal responses. Id. ¶¶ 5-8.

Compounding this, each of the SAC's sixteen claims begins by incorporating by reference all preceding paragraphs "*as though set forth fully and separately herein*," creating a cascading effect where later claims absorb the allegations of prior ones without delineating which specific facts support each distinct cause. See id. at 4 (jurisdiction and venue section: "Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein."); id. at 5 (factual allegations: same); id. at 20 (First Claim for Relief: same); id. at 23 (Second Claim: same); id. at 25 (Third Claim: same); id. at 26 (Fourth Claim: same); id. at 27 (Fifth Claim: same); id. at 28 (Sixth Claim: same); id. at 29 (Seventh Claim: same);

id. at 30 (Eighth Claim: same); id. at 31 (Ninth Claim: same); id. at 32 (Tenth
Claim: same); id. at 33 (Eleventh Claim: same); id. at 34 (Twelfth Claim: same);
id. at 35 (Thirteenth Claim: same); id. at 35-36 (Fourteenth Claim: same); id. at 36
(Fifteenth Claim: same); id. at 37 (Sixteenth Claim: same). This repetitive
incorporation—repeated verbatim across every section and claim—exemplifies the
type of shotgun pleading that "commits the sin of not separating into a different
count each cause of action or claim for relief" and "assert[s] multiple claims
against multiple defendants without specifying which of the defendants are
responsible for which acts or omissions." Weiland, 792 F.3d at 1322-23. It forces
Defendant to sift through a 40-page narrative to guess which facts apply to which
of the sixteen claims (including thirteen nearly identical defamation or defamation
per se claims differentiated only by vague dates or contexts), violating Rule 8's
mandate for a "short and plain statement" and inviting dismissal or a motion for a
more definite statement under Rule 12(e). See, e.g., Lampkin-Asam v. Volusia
Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (affirming dismissal of
shotgun complaint where each count incorporated all prior allegations); see also
Anderson, 499 F.3d at 1238 (amendment futile if pleading fails Rule 12(b)(6)).
Such pleadings are futile and subject to dismissal.

Moreover, the SAC remains barred by the statute of limitations for defamation
claims predating July 2025, as Defendant argues. Doc. 52 at 2; see Mauch v.
Kissling, 783 P.2d 1228, 1229 (Colo. App. 1989). The "new" dates appear
contrived to evade this. Doc. 52 at 2. The new tort claims are similarly futile: e.g.,
intentional infliction of emotional distress requires "extreme and outrageous"
conduct, but the SAC recycles employment disputes without meeting this

threshold. See Coors Brewing Co. v. Floyd, 978 P.2d 663, 666 (Colo. 1999). Amending would merely invite another dismissal motion, wasting resources.

## IV. GRANTING LEAVE WOULD CAUSE UNDUE PREJUDICE TO DEFENDANT, THE COURT AND NON-PARTIES LIKE MR. CAMP.

Defendant would face "*significant and unnecessary expenses*" investigating 12 new claims. Doc. 52 at 2. For Mr. Camp, prolongation keeps the subpoena alive, imposing ongoing burdens: compliance deadline is January 5, 2026, risking unmasking and safety threats despite Mr. Camp's lack of relevance. See Doc. 27, Ex. B ¶¶ 10-15 (Camp Decl., detailing prior threats and chilled speech). The subpoena has already spawned 24 collateral filings [Doc. 52 at 3 n.1], clogging the docket and prejudicing the administration of justice. See Fed. R. Civ. P. 26(b)(1) (discovery must be proportional). Plaintiff's counsel's misconduct—issuing a frivolous subpoena without prima facie basis—evidences bad faith, further warranting denial. See Colo. RPC 3.1 (prohibiting frivolous actions), 4.4(a) (avoiding burdens on third persons).

## V. BAD FAITH IS EVIDENT FROM PLAINTIFF'S COUNSEL'S MISCONDUCT IN DISCOVERY.

The subpoena to Automattic exemplifies bad faith: issued without evidence linking Mr. Camp or the Website to Defendant, it seeks to harass a critic of Plaintiff under the guise of discovery. Doc. 52 at 3 n.1 (Defendant correctly calling it a "*fishing expedition*" that "*creates significant expense and delay*"). This violates ethical rules and supports denying leave, as amendments should not perpetuate abusive tactics. See McMillan, 813 F. Supp. 2d at 1253. Mr. Camp has filed complaints with the Colorado Office of Attorney Regulation Counsel against Plaintiff's counsel for these violations "Camp Supplement to Professional Complaint.pdf" and "Camp

Attorney Disciplinary Complaint With Exhibits. Such misconduct taints the Motion and justifies denial to prevent further abuse.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint. This would facilitate resolution of Defendant's Motion to Dismiss, moot the improper subpoena, and alleviate undue burdens on Mr. Camp and the judicial system.

Dated: January 2, 2026

.

*/s/ Joseph A. Camp*

Joseph A. Camp, pro se

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2025, a true and correct copy of the foregoing Motion for Leave and Motion for Recusal of Judge Charlotte N. Sweeney was served via email on all counsel of record in the underlying action, the United States District Court and interested parties, pursuant to Fed. R. Civ. P. 5(b).

/s/ Joseph A. Camp
Joseph A. Camp

NON-PARTY JOSEPH A. CAMP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT [DOC. 23]