UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

ROBERT ANDREWS,

Plaintiff,

v.

SEAN F. SOON,

Defendant.

## Civil Action No. 1:25-cv-03400-CNS-TPO

## Non-Party Joseph A. Camp's Notice of Intent to Call Witnesses and Non-Party Joseph A. Camp's Request for Order Compelling Plaintiff's Attendance at Hearing

**(For Hearing Ordered February 6, 2026)**

### Non-Party Joseph A. Camp's Notice of Intent to Call Witnesses

Pursuant to the Court's Order dated February 2, 2026 (ECF 79), which sets a hearing to address concerns regarding Non-Party Joseph A. Camp's Motion to Quash Subpoena (ECF 26) and related matters, Movant hereby provides notice of his intention to call the following witnesses at the hearing. This notice is submitted to allow the Court and parties to prepare accordingly, in light of the issues raised in

the Order, including whether the subpoena is moot, overbroad, outside the scope of permissible discovery, or requires disclosure of privileged or protected matter under Fed. R. Civ. P. 45(d)(3)(A)(iii). The witnesses are intended to provide testimony relevant to these issues, particularly regarding the motive, intent, and necessity of the subpoena issued by Plaintiff to Automattic Inc.

**Intended Witnesses**

1. **Robert Andrews (Plaintiff)**
    - **Contact Information:** c/o Plaintiff's Counsel (as listed on the docket).
    - **Expected Testimony:** Mr. Andrews will be called to testify regarding his motive and intent in issuing the subpoena to Automattic Inc. seeking information about the domain "notforaurora.com," including the registrant's identity, creation, operation, and payment details. Specifically, testimony will address:
        - The primary purpose of the subpoena, including whether it was to identify the website's operator (now self-identified by Movant) or for other reasons related to causation and damages in the underlying claims of racial discrimination and defamation.
        - Any retaliatory intent, such as responding to critical content on the website about Plaintiff's public figure status, political campaign.
        - Whether the information sought is relevant and proportional under Fed. R. Civ. P. 26, or if it constitutes an undue burden or infringement on First Amendment anonymity rights.

- **Relevance to Hearing:** This testimony directly addresses the Court's concerns about mootness (due to Movant's "self-identification"), overbreadth, and privilege protections, as outlined in the Order at pages 6-7. It will demonstrate whether the subpoena serves a legitimate discovery purpose in the underlying action or is motivated by improper retaliation against protected speech.

Movant reserves the right to call additional witnesses if necessary, based on developments in briefing or at the hearing, and to cross-examine any witnesses called by Plaintiff. Movant requests that the Court permit live testimony via VTC or in person, as appropriate, to ensure a full and fair resolution of the motion.

## Non-Party Joseph A. Camp's Request for Order Compelling Plaintiff's Attendance at Hearing

Non-Party Joseph A. Camp ("Movant"), pro se, respectfully requests that this Court issue an order compelling Plaintiff Robert Andrews to attend and testify at the hearing scheduled for February 6, 2026, pursuant to the Court's inherent authority and Federal Rules of Civil Procedure 26, 43, and 45. This request is made in connection with Movant's Motion to Quash Subpoena (ECF 26) and Movant's Notice of Intent to Call Witnesses, filed contemporaneously herewith or previously. In support thereof, Movant states as follows:

**Background**

1. On February 2, 2026, this Court issued an Order (ECF 79) setting a hearing for February 6, 2026, to address concerns regarding Movant's Motion to Quash the subpoena issued by Plaintiff to Automattic Inc., including

   potential mootness, overbreadth, venue, and protections under Fed. R. Civ. P. 45(d)(3)(A)(iii). The Order directs that both Movant and Plaintiff be prepared to discuss these issues.

2. The subpoena seeks information about the domain "notforaurora.com," which Movant operates as a platform for anonymous journalistic commentary on public figures in Colorado politics, protected by the First Amendment.

3. Movant has filed above a *Notice of Intent to Call Witnesses*, identifying Plaintiff Robert Andrews as a key witness to testify regarding his motive and intent in issuing the subpoena, including whether it was for legitimate discovery purposes or retaliatory reasons related to the website's critical content.

**Grounds for Request**

4. The Court has inherent authority to compel the attendance of parties at hearings, especially in discovery disputes where testimony is necessary to resolve factual issues. See Kellogg v. Watts Guerra LLP, 41 F.4th 1246, 1259 (10th Cir. 2022) (recognizing district courts' jurisdiction and authority over collateral matters); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (courts' inherent power to impose order and control conduct).

5. Under Fed. R. Civ. P. 43(a), the Court may require testimony at a hearing to be taken in open court or via remote means, and has discretion to order appearance to ensure a fair resolution. Although Rule 45 governs subpoenas for non-parties, as Plaintiff is a party to the action, the Court's authority extends beyond Rule 45's geographical limits to compel his presence for

testimony on matters directly relevant to the motion. See In re Broiler Chicken Antitrust Litig., 2024 WL 3848223 (Fed. Cir. Aug. 16, 2024) (affirming district court's power to compel attendance beyond 100-mile rule using inherent authority, not limited by Rule 45 when acting *sua sponte*).

6. Plaintiff's testimony is essential to address the Court's expressed concerns in ECF 79, particularly:
   - Whether the subpoena is moot given Movant's self-identification as the website operator.
   - The relevance and proportionality of the requested information under Fed. R. Civ. P. 26(b)(1), including causation and damages in the underlying claims.
   - Any potential retaliatory motive, which may implicate First Amendment protections and undue burden under Rule 45(d)(3)(A)(iv).

7. Without Plaintiff's compelled attendance, Movant will be prejudiced in presenting evidence on these issues, as cross-examination is necessary to probe intent and avoid reliance on untested representations in briefing.

8. Movant requests that Plaintiff appear in person or via video teleconference (VTC) to facilitate effective testimony, but at minimum, by phone if the Court deems it sufficient. This aligns with the Court's Order allowing appearance by VTC or phone.

**Relief Requested**

**WHEREFORE**, Movant respectfully requests that the Court:

- Issue an order compelling Plaintiff Robert Andrews to attend and testify at the February 6, 2026 hearing.
- Direct service of this order on Plaintiff via ECF or other means.
- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph A. Camp

Non-Party Movant

CampJosephA@gmail.com

720.454.5240

**Non-Party Joseph A. Camp's Notice of Intent to Call Witnesses and Non-Party Joseph A. Camp's Request for Order Compelling Plaintiff's Attendance at Hearing**

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, a true and correct copy of the foregoing

**Non-Party Joseph A. Camp's Notice of Intent to Call Witnesses and Non-Party Joseph A. Camp's Request for Order Compelling Plaintiff's Attendance at Hearing**

was served via email on all counsel of record, the District Court and all interested parties pursuant to Fed. R. Civ. P. 5(b).

*/s/ Joseph A. Camp*
Joseph A. Camp