IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03400-CNS-TPO

ROBERT ANDREWS,

     Plaintiff,

v.

SEAN F. SOON,

     Defendant.

---

## ORDER

---

Before the Court are the following motions and objections filed by non-party Movant Joseph A. Camp:[1]

- **ECF No. 110**: Non-Party Joseph A. Camp's Motion for Recusal of District Judge Charlotte N. Sweeney, to Stay All Proceedings, and For Stay of Release Pursuant to Magistrate Judge's Oral Order of February 6, 2026;[2]

- **ECF No. 86**: Non-Party Movant Joseph A. Camp's Motion for Reconsideration of Minute Order (ECF No. 50);

- **ECF No. 87**: Amended Non-Party Joseph A. Camp's Emergency Objections to Magistrate Judge's Order Pursuant to Fed. R. Civ. P. 72(a);[3]

---

[1] The Court construes Movant's pro se filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not act as his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] The Minute Entry entered by Magistrate Judge O'Hara following the February 6, 2026 motions hearing is docketed at ECF No. 91. At the February 6 hearing, Magistrate Judge O'Hara ruled on Movant's then-pending motions at ECF Nos. 26, 30, 33, 47, 77, and 90. *Id.*

[3] This filing raises objections to Magistrate Judge O'Hara's February 2, 2026 order at ECF No. 79.

- **ECF No. 108**: Non-Party Joseph A. Camp's Limited Objections Under Fed. R. Civ. P. 72(a) to Order Dening Motion to Stay,[4] and Request for Interim Stay Pending Resolution of These Objections; and

- **ECF No. 116**: Non-Party Joseph A. Camp's Motion to Strike Plaintiff's Response (ECF 113) and for Sanctions for Failure to Effect Service.

The Court addresses each filing below. In reaching its conclusions, the Court presumes a reader's familiarity with this case's procedural background, Movant's arguments, and the legal standard governing the Court's analysis of Movant's objections and motions. *See, e.g.,* Fed. R. Civ. P. 72.

## I.    SUMMARY FOR PRO SE MOVANT

This order concerns three of your motions currently pending before this Court, including a motion to stay, a motion for reconsideration, and a motion requesting that I recuse myself from these proceedings, ECF Nos. 110, 86, 116, and two of your objections, ECF Nos. 87, 108, requesting that the Court reconsider rulings previously made by Magistrate Judge Timothy P. O'Hara. For the reasons explain in greater detail below, the Court denies each of the motions and overrules the objections. Additionally, the Court has imposed new filing restrictions on you, described below.

## II.    ANALYSIS

### A. Motion for Recusal, to Stay all Proceedings, and for Stay of Release of Magistrate Judge's February 6, 2026 Order [ECF No. 110]

In Non-Party Joseph A. Camp's Motion for Recusal of District Judge Charlotte N. Sweeney, to Stay All Proceedings, and for Stay of Release Pursuant to Magistrate

---

[4] Movant's Motion to Stay was filed at ECF No. 95 and ruled on by Magistrate Judge O'Hara in the order docketed at ECF No. 103. Movant's objection to that order is docketed at ECF No. 108.

Judge's Oral Order of February 6, 2026, ECF No. 110, Movant requests that (1) I recuse myself from this matter due to the "appearance of bias," *id.* at 5–9; (2) this matter be stayed, *id.* at 9; and (3) there be a "release" of Magistrate Judge O'Hara's February 6, 2026 oral order in light of his purported errors in ruling on Movant's Anti-SLAPP motions, *id.* For the reasons explained below, Movant's motion is denied.

    1. *Request for Recusal*

    In his recusal motion, Movant argues I should recuse myself from this matter pursuant to 28 U.S.C. § 455 due to an "appearance of bias" and contends that "an informed observer would question Judge Sweeney's impartiality in a case involving a conservative journalist like Movant." ECF No. 110 at 5; *see also id.* at 8–9. No party filed a response. Movant also previously filed a separate recusal motion, ECF No. 55, which was denied, ECF No. 69.[5]

    Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," including if she "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), 455(b)(1). To determine if recusal is warranted, courts ask "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This is

---

[5] Although Movant's recusal motions are premised on different reasoning, *compare* ECF Nos. 55 and 110, the purported "appearance of bias" articulated in the instant recusal motion is based on information that could have been raised when Movant first sought recusal. It is improper for Movant to file successive motions seeking the same result, particularly where the secondary motions "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

an objective standard, *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993), and "[t]he party moving to disqualify a judge is ordinarily assigned the burden of proof," *Davis v. U.S. Dep't of Just.*, No. 23-3244, 2024 WL 4003734, at *3 (10th Cir. Aug. 30, 2024) (unpublished) (citing *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)). "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (citing *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion must be denied. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659–60 (10th Cir. 2002) (cleaned up).

The instant recusal motion appears to be based on Movant's mistaken belief that my previous "handling of LGBTQ-related cases," ECF No. 110 at 6, and other of the cases before me that "have drawn conservative ire," *id.* at 5, will somehow result in "bias against Movant" who describes himself as "a well-known figure staunchly opposed to immoral acts such as gayness," *id.* at 6. But "[t]o the extent [Movant] suggests that prior rulings require[] that the undersigned . . . recuse from this case, it is well-established that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Skellchock v. Dean*, No. 24-cv-00892-LTB-RTG, 2024 WL 4805421, at *2 (D. Colo. Sept. 30, 2024), *aff'd*, No. 24-1436, 2025 WL 1859820 (10th Cir. July 7, 2025) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also United States v. Mendoza*, 468 F.3d

1256, 1262 (10th Cir. 2006) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge[.]"). Any pre-judicial appointment campaign donation or affiliation with any political party is likewise insufficient to warrant recusal. *See Higganbotham v. Oklahoma ex rel. Oklahoma Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) ("The fact of past political activity alone will rarely require recusal, and we conclude it does not do so here.") (citing *In re Martinez–Catala,* 129 F.3d 213, 221 (1st Cir. 1997) ("*Former* affiliations with a party may persuade a judge not to sit; but they are rarely a basis for compelled recusal.")).

Equally unavailing is Movant's argument that I have "a history of censoring, restricting, and unfairly treating conservative parties, *including pro se litigants like Movant*, while applying lenient standards to liberal pro se parties." ECF No. 110 at 7 (emphasis added). This is inaccurate. Moreover, even if Movant is disappointed with the Court's orders in this case, that alone does not support recusal. *See Waterman v. Groves*, No. 18-3092-JWB-KGG, 2021 WL 764569, at *4 (D. Kan. Feb. 26, 2021) ("[R]uling in [a party's] favor on various motions does not by itself constitute a reason for recusal."); *Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir.1988) (a motion to recuse cannot be based solely on adverse rulings). Nor is there evidence that any adverse ruling against Movant was the result of a bias against him, including but not limited to his political leanings or involvement in any high-profile cases—none of which was known to the Court prior to Movant willingly and without provocation revealing such information.

As Movant himself has recognized, this case "involves Plaintiff's state-law claims of employment discrimination and defamation against Defendant." *Id.* at 2. It has nothing

to do with Movant, his political beliefs, or any political issue raised in connection with Movant's many responses to his receipt of a subpoena. Movant's arguments are nothing more than "unsupported, irrational, or highly tenuous speculation" that do not warrant recusal, *Hinman*, 831 F.2d at 939, and thus his recusal motion is denied.

2. *Additional Requests*

Having dispensed with Movant's request for recusal, the Court now turns to Movant's second and third "additional" requests, which were shoehorned into single-paragraph arguments at the end of his recusal motion. These arguments are easily dispensed with. *See* ECF No. 110 at 9. To the extent a single paragraph can be considered a motion to stay, this is now Movant's third request for substantially similar relief, and his previous two requests were denied. *See* ECF No. 91 at 2 (denying Movant's "Emergency Motion to Stay Proceedings Pending Resolution of Amended Emergency Petition for Writ of Mandamus") (citing ECF No. 77); ECF No. 103 at 5–7 (denying Movant's Motion to Stay regarding the enforcement of a discovery order) (citing ECF No. 95).[6] To the extent Movant now seeks a stay "pending [resolution of his] recusal" motion specifically, he has not provided the Court with any case law demonstrating that a stay is proper. Nevertheless, because Movant's recusal motion is now decided and denied in this order, the Court sees no reason to impose a stay now.

Movant's second request, to be released from Magistrate Judge O'Hara's oral ruling, *see* ECF No. 91, is likewise unsuccessful. Though Movant asserts that "[r]elease

---

[6] As discussed below, Movant has already filed an objection to Magistrate Judge O'Hara's order denying Movant's second motion for a stay, ECF No. 108, and the Court considers that objection below.

from the Magistrate Judge's Oral Order Is Necessary and Prevention of Disclosure Until Resolution," ECF No. 110 at 9, the Court is uncertain as to what, specifically, Movant believes constitutes a "release." However, because Movant is a pro se litigant, the Court construes his filings liberally and interprets this as a request to avoid enforcement of Magistrate Judge O'Hara's February 6, 2026 oral judgment, *see* ECF No. 91. Nevertheless, such a challenge is unsuccessful.

To the extent Movant seeks to challenge the oral order, the proper way to do so is by filing a Rule 72(a) objection, as Movant well knows and has done previously. *See, e.g.*, ECF No. 87.[7] Movant failed to file an objection to the oral order, and he cannot rectify that failure by shoehorning a blanket objection into a single paragraph in his motion to recuse. Rule 72(a) requires "a party to present specific, written objections to a magistrate judge's order." *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC-GEB, 2023 WL 4234612, at *6 (D. Kan. June 28, 2023); *see also Berg v. United Airlines, Inc.*, No. 23-cv-01766-NYW-SBP, 2025 WL 3033488, at *2 (D. Colo. Oct. 30, 2025) ("[D]istrict courts within the Tenth Circuit routinely interpret Rule 72(a) to require objections to be 'specific[.]'" (citation modified)). Movant's argument fails to meet this threshold.

Moreover, the thrust of Movant's "release" request is focused on the fate of his motions to quash Plaintiff's subpoena, which Magistrate Judge O'Hara ruled on *prior to* issuing the oral ruling. *Compare* ECF No. 110 at 9 *with* ECF No. 79 at 8–9. Although Movant contends that the "oral order compounds Anti-SLAPP errors" in the written order,

---

[7] Movant also filed a Notice of Intent to file Rule 72(a) objection to the oral ruling, ECF No. 94, but ultimately failed to file the objection, despite Magistrate Judge O'Hara clear instruction that "Movant ha[d] until **February 20, 2026**" to do so. ECF No. 103 at 7 (emphasis in original).

he fails to explain why that is. "By failing to articulate any basis upon which the court could reach that conclusion, [Movant] failed to meet [his] burden" under Rule 7a(a). *Pingree v. Univ. of Utah*, No. 2:20-cv-00724-JNP-CMR, 2024 WL 2832541, at *3 (D. Utah June 4, 2024). Accordingly, the additional relief requested in Movant's recusal motion is denied.

### B.  Movant's Motion for Reconsideration [ECF No. 86]

In his reconsideration motion, ECF No. 86, Movant asks the Court to reconsider its order directing the Clerk of Court to decline Movant's filings absent order by the Court. S*ee* ECF No. 50 (Filing Restriction Order).[8] Movant argues that reconsideration is warranted in light of the Tenth Circuit's order denying Movant's request for a writ of mandamus. *See* ECF No. 86 at 2–3 (citing ECF No. 81).[9] Because the Tenth Circuit's order is not "new evidence" as Movant contends, reconsideration is not warranted.

---

[8] In full, the Filing Restriction Order, ECF No. 50, states:

> MINUTE ORDER and ORDER OF REFERRAL: This matter is before the Court on Non-party Movant, Joseph A. Camp's numerous filings. ECF No. 26-49. To the extent such filings consist of motions (ECF Nos. 26, 27, 30-33, 38, 44, 45, 47, and 48), they are referred to Magistrate Judge Timothy O'Hara. Mr. Camp's filings appear to have been initiated in response to a subpoena issued by Plaintiff to Automattic Inc. d/b/a wordpress.com d/b/a Knock Knock WHOIS Not There, LLC. ECF No. 26. In review of such filings, the Court observes that Mr. Camp has filed numerous duplicative motions that appear uniquely and solely designed to harass and oppress Plaintiff and Plaintiffs counsel, as well as exhaust this Court's resources. In its review, the Court further noted Mr. Camp's self-identified status as the "Pro Se Nightmare," ECF 26 at 23 and his repeated use of offensive and vulgar terminology. As a result of this repeated conduct, the Clerk of Court is directed to DECLINE to accept any future filings from Mr. Camp related to this case unless and until there is a further order by the Court. By Judge Charlotte N. Sweeney on 12/30/2025. The Court orders that the Clerk of Court send a copy of this document to Mr. Camp via email at CampJosephA@gmail.com.

[9] Plaintiff filed a response opposing reconsideration on February 24, 2026, ECF No. 113, and Movant then filed a reply, ECF No. 115. Because Plaintiff failed to serve Movant with a copy of the response, Movant also filed Non-Party Joseph A. Camp's Motion to Strike Plaintiff's Response (ECF 113) and for Sanctions for Failure to Effect Service., ECF No. 116. Because the Court's order does not consider Plaintiff's response, the motion to strike, ECF No. 116, is denied as moot.

The Federal Rules of Civil Procedure do not specifically permit motions for reconsideration, but Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment." Fed. R. Civ. P. 54(b). A motion for reconsideration filed prior to the entry of judgment falls within a court's power to revisit and amend interlocutory orders, *see Paramount Pictures Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)), and is committed to the court's sound discretion, *see Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 F. App'x. 760, 765 (10th Cir. 2007) (unpublished) (citation omitted). However, "a motion for reconsideration is not a license . . . to get a second bite at the apple." *Johnston v. Cigna Corp.*, 789 F.Supp. 1098, 1101 (D. Colo. 1992), *aff'd,* 14 F.3d 486 (10th Cir. 1993). As Movant correctly notes, a motion for reconsideration is only appropriate if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

Movant contends that reconsideration is warranted[10] because the Tenth Circuit's order "constitutes new evidence" that "shed[s] light" on the ongoing impact of the Court's Filing Restriction Order and "underscores the [Filing Restriction Order]'s ongoing and

---

[10] Specifically, Movant argues that "reconsideration is warranted under the third prong," ECF No. 86 at 3, but then proceeds to raise arguments based on the second possible basis for reconsideration: the discovery of "new evidence previously unavailable," *Servants*, 204 F.3d at 1012. *See also* ECF No. 86 at 4 (arguing that the Tenth Circuit's order "constitutes new evidence unavailable at the time of ECF No. 50's entry"). Movant also argues that failure to reconsider the Filing Restriction Order would "perpetuate manifest injustice." *Id.* at 5. Because Movant proceeds pro se and the Court construes his filings liberally, the Court considers whether Movant has established grounds for reconsideration on either prong.

selective nature." ECF No. 86 at 3 (citing ECF No. 81 at 2); *see also id.* at 4 (arguing that the Tenth Circuit's order is an "acknowledgment of the [Filing Restriction Order]'s persistence and selective enforcement constitutes new evidence unavailable at the time of [the Filing Restriction Order]'s entry"). The Court reads the Tenth Circuit's order, ECF No. 81, differently and finds that it does not constitute "new evidence" or contain new facts sufficient to support reconsideration. *See Consumer Crusade, Inc. v. JD&T Enters., Inc.,* No. 05-cv-00211-EWN-MJW, 2006 WL 1748995, at *5 (D. Colo. June 22, 2006) (denying reconsideration motion based on statements in an "appellate record" where those facts were "available at the time" the original motion was considered).

At bottom, reconsideration is only appropriate when a litigant identifies *new evidence*, i.e., evidence that is *new to the moving party. See United States Sec. & Exch. Comm'n v. Cell>Point, LLC*, No. 21-cv-01574-PAB-SBP, 2025 WL 3153406, at *3 (D. Colo. Nov. 10, 2025) ("[T]o support a motion for reconsideration, the evidence must be new to the defendants, not the Court.") (citing *Servants*, 204 F.3d at 102). Movant fails to do that here and instead identifies "supporting facts [that] were available at the time" he sought mandamus relief, *id.* (citing *Servants*, 204 F.3d at 102), as evidenced by his citations to Tenth Circuit's order which relied on the existing record to make its ruling, *see* ECF No. 86 at 4. While the Tenth Circuit acknowledged that Movant *argued* that "the district court has arbitrarily and selectively rejected some of his filings," ECF No. 81 at 2, this is not a new fact or piece of evidence; it is simply a restatement of Movant's argument to the Tenth Circuit. Likewise, the Tenth Circuit's statement that the Filing Restriction Order "continues to restrict [Movant's] filings," *id.*, is accompanied by an acknowledgment

that "[Movant] has not shown that he has been effectively excluded from federal court or
that a writ of mandamus is appropriate," *id.* at 3. Rather than supporting Movant's
reconsideration request, these statements support the opposite conclusion that *despite*
the Filing Restriction Order, Movant has still been "permitted . . . to file numerous papers
that address the relief he seeks along with other, collateral issues." *Id.* at 2. It also
demonstrates that Movant has not been subjected to such manifest injustice that
reconsideration is warranted.

However, the Court finds that at this point, the existing Filing Restriction Order is
insufficient to ensure Movant's compliance with this Court's orders. Specifically, Movant
has continuously disregarded this Court's order requiring that he seek leave of the Court
before filing any new pleadings. ECF Nos. 50, 69. Movant has also been repeatedly
cautioned by the Court and by Magistrate Judge O'Hara regarding Movant's use of
offensive and vulgar language. *See, e.g.*, ECF No. 50 (entering the Filing Restriction
Order "as a result of [Movant's] repeated conduct," including "his repeated use of
offensive and vulgar terminology"); ECF No. 69 (reiterating that the Filing Restriction
Order remains in place and noting that Movant's behavior further "support[s] the Court's
decision to monitor his filings" because "[t]his Court has received over 100 emails from
[Movant] in the last month[,]" many of which "contain derogatory remarks about this Court,
the clerk's office, plaintiff's counsel, and the plaintiff" and/or "commentary about a variety
of individuals"); ECF No. 79 at 9–10 ("address[ing] the unacceptable tone and language
that have been used by Movant in this case" and ordering Movant to "refrain from using

any further malicious, insulting, abusive, or profane language concerning the Parties, counsel of record, or the Court").

Despite Movant's representation that "no vexatious pattern exists," ECF No. 86 at 5, a review of the docket and Movant's other filings suggest otherwise. Since December 23, 2026, this Court's chambers inbox has received approximately 160 emails from Movant, many of which do not contain filing requests or other matters related to the instant litigant or Movant's request to quash the subpoena. Rather, many of his emails contain unnecessary narratives regarding, for example, who Movant is, Movant's certainty that he will succeed in this matter (and why), his feelings towards the individuals involved in this litigation, and other information that is either inappropriate and/or entirely superfluous to the matter at hand. *See, e.g.*, ECF Nos. 98–102, 117.[11] Despite not receiving a response from the Court on unrelated matters, Movant continues to fail to understand that he cannot communicate with the Court other than through the filing of motions that comply with this Court's orders, the Court's Uniform Practice Standards, the Local Rules of Practice for the United States District Court for the District of Colorado (the Local Rules), and the Federal Rules of Civil Procedure. It is improper for Movant to treat the Court's inbox as his personal blog or diary, and Movant must discontinue doing so, lest he be subjected to sanctions. *See, e.g.*, *Samuels v. Feiner & Trinh Int'l, LLC*, 287 F.R.D. 660, 665 (D. Colo. 2012) ("[Litigants] may not attempt to send what amounts to 'letters' personally directed to the judge. Pro se or not, [litigants] must form all request[s] for action

---

[11] To serve as an example, the Court has instructed the Clerk to docket a small sample of the emails it has received from Movant.

in the form of a motion and respond to [ ] motions in the proper forma."); *Jones v. New Mexico State Police*, No. 1:22-cv-00414-KK, 2022 WL 1913262, at *1 (D.N.M. June 3, 2022) (notifying pro se party that "if he seeks relief from the Court or otherwise wishes to communicate with the Court, he must file a motion . . . with the Clerk of Court," directing pro se party to "not send such documents to the undersigned's Chambers," and warning pro se party that "if he ignores Court Orders, continues to improperly send documents to the undersigned or her chambers, or improperly communicates with the Court *ex parte*, the Court may impose filing restrictions and other sanctions to deter such improper behavior.").

Movant's extraneous communications also further bolster Magistrate Judge O'Hara conclusion that although Movant is advocating for his rights as a non-party subpoena recipient (as he is permitted to do), his "filings and communications with the Court . . . clearly demonstrate that Movant is litigating this subpoena dispute for improper reasons, including to intentionally cause delay to this lawsuit." ECF No. 103 at 6 (collecting citations). As Movant himself stated in an email to Plaintiff's counsel, he is "not ethical," and will "destroy, bankrupt you, fuck with your family and associates, all lawfully, for the next few years, at least." ECF No. 59-3 at 2. The Court agrees that such unethical behavior remains on full display, undeterred by the Court's numerous warnings.

But contrary to Movant's statement that he "CONTROL[S] the docket and discovery" in this matter, ECF No. 59-3 at 1, that is not so. The Court controls the docket, and it has at its disposal a variety of tools to maintain decorum and professionalism, including imposing restrictions on litigants to achieve that goal. *See, e.g.*, *In re Winslow*,

132 B.R. 1016, 1019 (D. Colo. 1991) ("[T]he court is empowered under 28 U.S.C. § 1651(a) to sua sponte enjoin a litigant from abusing the court system.") (citing *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989)). A litigant's failure to follow such restrictions can result in sanctions, even where the litigant is pro se. *See, e.g.*, *id.* (outlining the Court's authority to sanction a litigant under Federal Rule of Civil Procedure 11, which "applies to persons representing themselves *pro se* as well as persons represented by attorneys") (citing *Eisenberg v. University of N.M.,* 936 F.2d 1131, 1134 (10th Cir. 1991)); Fed. R. Civ. P. 12(f) (providing that "upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 5057584 (D. Kan. Aug. 27, 2020) (citing *Garrett*, 425 F.3d 836 (stating the court has authority to *sua sponte* strike the filings of pro se litigants)); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 836 (10th Cir. 2005) ("[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court," without first providing notice or holding a hearing.) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)); *see also* Fed. R. Civ. P. 11(b)–(c).

Movant's pro se status does not confer upon him a license to "'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *In re Winslow*, 132 B.R. at 1019 (citing *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988)).

Because Movant continuously disregards the Court's orders, the Court finds that imposition of the following restrictions is appropriate:

(1) Movant must seek leave from the Court before filing any motions by submitting a motion for leave, with the proposed substantive motion included as an attachment, to the Clerk of the Court. Once received by the Clerk's office, the Clerk is directed to docket the motion for leave and any attachments.[12]

(2) Movant may only file documents in this action, including but not limited to any motions seeking leave, by submitting them in hard copy to the Clerk's office via the mail.[13] Movant may refer to the Court's website for additional information on how to so.[14]

(3) The Clerk of the Court is directed to decline to accept any filings submitted by Movant via email to the Clerk's Office at cod_prose_filing@cod.uscourts.gov.

(4) Movant shall not send any correspondence or filings via email to the Clerk of the Court or the Chambers email inbox for either Judge Sweeney or Magistrate Judge O'Hara. Any such emails will be summarily disregarded.

While these additional conditions may be inconvenient to Movant, the Court finds that, based on Movant's conduct to date, they are necessary to "'assist the district court in curbing the particular abusive behavior involved" while ensuring that Movant is not denied "meaningful access to the courts." *In re Winslow*, 132 B.R. at 1019 (citations omitted).

---

[12] If Movant's filing complies with this Court's orders, the Court's Uniform Civil Practice Standards, the Local Rules, and the Federal Rules of Civil Procedure, the Court will grant the motion for leave and direct the Clerk of the Court to docket the proposed, substantive motion as its own docket entry. If the proposed filing does not so comport, it will be stricken and/or not accepted for filing.

[13] Under Federal Rule of Civil Procedure 11(a), all litigants, including those proceeding pro se, must include the signer's "address, e-mail address, and a telephone number" on any filings. Movant has failed to include an address or PO Box on his filings but must do so moving forward. Additionally, because Movant is now required to submit his filings by mail, the Court directs Movant to review the relevant procedures described in Federal Rules of Civil Procedure 5 and 6(d).

[14] Resources, including instructions regarding what information must be included in any filings, is available here: http://cod.uscourts.gov/RepresentingYourself/DifferentWaystoFileIntoYourCase.aspx. Additional resources for litigants proceeding pro se are available here: http://cod.uscourts.gov/RepresentingYourself.aspx.

### C. Movant's Amended Emergency Objections to Magistrate Judge's February 2, 2026 Order [ECF No. 87]

In his amended emergency objections, ECF No. 87, Movant challenges Magistrate Judge O'Hara's ruling on several of Movant's motions, *see* ECF No. 79, including the denial of Movant's (1) Special Motion under Colorado's Anti-SLAPP Statute, ECF No. 27; (2) Motion for Specified Discovery, ECF No. 38; (3) Motion for Leave to Supplement, ECF No. 48 and Supplemental Notice, ECF No. 57; and (4) duplicative motions, ECF Nos. 31, 32, 44, 45, as moot. *See* ECF No. 87 at 1–2. Movant also lodges additional objections to Magistrate Judge O'Hara's "admonition regarding [Movant's] tone and language in filings" and the "setting of a hearing on remaining motions without first resolving these objections." *Id.* at 2. Plaintiff responded in opposition to Movant's objections, ECF No. 104, and Movant filed a reply in further support of his position, ECF No. 107.

Under 28 U.S.C. § 636(b)(1)(A), this Court may refer motions to a magistrate judge for consideration. When a magistrate judge issues an order on a non-dispositive matter, the Court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (same). This standard requires affirmance unless the district judge has a "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). "This is a high bar." *Morrison v. Am. Econ. Ins. Co.*, No. 1:23-cv-00360-SKC-CYC, 2025 WL 1722125, at *1 (D. Colo. Apr. 24, 2025) (citing *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024)). "It leaves no room for modifying or setting aside a magistrate judge's non-

dispositive order simply because the district judge might have ruled differently in deciding the matter in the first instance." *Id.* (citing *Box Elder Kids*, 2024 WL 3963505, at *5).

As explained in greater detail below, because Movant fails to demonstrate that Magistrate Judge O'Hara's order was clearly erroneous or contrary to law, his emergency objections are overruled.

> 1. *Objections to Denial of Movant's Special Anti-SLAPP Motion and Motion for Special Discovery Related to Anti-SLAPP Motion*

Movant first objects to Magistrate Judge O'Hara's order denying Movant's motion to quash Plaintiff's subpoena under Colorado's Anti-SLAPP statute, C.R.S § 13-20-1101, ECF No. 27, as clearly erroneous and contrary to law because it "misapplies the [Anti—SLAPP] statute's scope, overlooks its substantive nature under Erie doctrine, and erroneously relies on non-binding California precedents." *See* ECF No. 87 at 3–5. Movant dedicates three pages to arguing that Colorado's Anti-SLAPP statute should apply in federal court and to third party subpoenas like the one Plaintiff served on Automattic Inc.[15] *Id.* Despite this, Movant's briefing and actual application of law to this suit is scant and constitutes little more than threadbare legal analysis. Such minimal engagement with the legal standards is insufficient to support Movant's requested relief. *See, e.g.*, *Springer v. Seventh Jud. Dist. Ct.*, No. 1:23-cv-00499-MIS-JMR, 2023 WL 7130541, at *3 (D.N.M. Oct. 30, 2023) ("[The] Motion wholly fails to identify these factors, much less apply them to the facts of this case (or otherwise address, analyze, or prove them). . . . As such, it is subject to summary denial.").

---

[15] It is the Court's understanding that Automattic Inc. is the corporate entity that hosts Movant's website, http://notforaurora.com.

Moreover, the law that Movant does include does not convince the Court that the order was clearly erroneous or contrary to law. To the extent Movant invokes the *Erie* doctrine to convince the Court that Anti-SLAPP statutes provide substantive protection to litigants in federal court, ECF No. 87 at 4–5, the Court does not disagree. *See, e.g.*, *Moreau v. United States Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1136 (D. Colo. 2022) (recognizing that "[a]llegations related to [plaintiff's] initiation of this lawsuit are protected by the anti-SLAPP statute" in a case in federal court). Nor is there any indication in the order that the magistrate judge disagreed. *See generally* ECF No. 79. Rather, Magistrate Judge O'Hara concluded that "[a] plain reading of Colorado Anti-SLAPP statute does not support *Movant's position to quash the subpoena*." *Id.* at 8 (emphasis added). This conclusion is neither clearly erroneous nor contrary to law.

Colorado's Anti-SLAPP statute applies specifically to a "cause of action" and only allows "a special motion to dismiss" as the specified remedy. C.R.S. § 13-20-1101(3)(a). It does not provide for a cause of action where a party has not filed a Motion to Dismiss pursuant to the Anti-SLAPP statute. The Court also agrees with Magistrate Judge O'Hara's analysis of persuasive California cases (which analyze California's Anti-SLAPP statute which is "substantively identical" to Colorado's Anti-SLAPP statute, *see Moreau*, 641 F. Supp. 3d at 1132) to find that "third party subpoena requests fall outside of the scope of the Anti-SLAPP statute." ECF No. 79 at 8 (citation omitted).

The cases that Movant cites in support of his argument that the Anti-SLAPP statute "applies to subpoenas as 'judicial process' abusing protected speech," ECF No. 87 at 5–6, do not save him for two reasons. *First*, of all three cases Movant cites—*Doe v. Cahill*,

884 A.2d 451, 454 (Del. 2005); *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 646 (N.D. Cal. 2020); and *Glassdoor, Inc. v. Superior Ct.*, 9 Cal. App. 5th 623, 628 (2017)—none concern anti-SLAPP statutes. Rather, in each, the respective court considers whether the identity of a person who posts anonymously online can be forcibly revealed via court order. *Second*, and more importantly, in each case, the anonymous Doe party (or, in *Glassdoor*, a third-party who submitted briefing on the Doe's behalf) asserted that because the First Amendment protected their right to speak anonymously online, the court could not require that their true identities be revealed. *See Cahill*, 884 A.2d at 454–56; *In re Rule 45 Subpoenas*, 337 F.R.D. at 646; *Glassdoor*, 9 Cal. App. 5th 623, 627–28. In each of those cases, it was crucial that plaintiff sought to *reveal the identity* of someone who was posting online *anonymously*. *See Cahill*, 884 A.2d at 456–57 (considering the "standard for trial courts to apply when faced with a public figure plaintiff's discovery request that seeks to unmask the identity of an anonymous defendant who has posted allegedly defamatory material on the internet"); *In re Rule 45 Subpoenas*, 337 F.R.D. at 642, 646, 649 (determining that "Doe may invoke the First Amendment as a basis for his motion to quash" because the Rule 45 subpoenas were served for the purpose of determining Doe's true identity, which was "unknown"); *Glassdoor*, 9 Cal. App. 5th 623, 634–35 ("In any action predicated on anonymous speech, regardless of legal theory, the plaintiff should not be able to discover the speaker's identity without first making a prima facie showing that the speech in question is actionable."). Here, by contrast, Movant has already "openly identifie[d] himself as the operator of the 'notforaurora.com' website" numerous times, ECF No. 79

at 3 (collecting citations), including in open court during the February 6, 2026 motions hearing. To the extent Movant seeks reconsideration of the order denying his motion to quash by invoking Colorado's Anti-SLAPP statute, CRS § 13-20-1101, and his First Amendment rights, that ship has already sailed. Accordingly, Petitioner's objections are overruled.

Movant's next objection, aimed at Magistrate Judge O'Hara's denial of Movant's motion for discovery submitted in connection with Movant's Anti-SLAPP motion, ECF No. 87 at 6 (citing ECF No. 38), is equally unavailing. As Magistrate Judge O'Hara found, because Colorado's Anti-SLAPP statute does not apply here, Movant is not permitted to invoke its procedures to seek discovery. ECF No. 79 at 8–9. The Court agrees. Nor is discovery "warranted under Fed. R. Civ. P. 26(b)(1) as relevant to quashing the subpoena on First Amendment grounds," as Movant contends, ECF No. 87 at 6, because, as discussed above, Movant has already revealed his identity on his own accord. Moreover, Movant did not provide any legal authority or demonstrate good cause to justify his initial discovery request. *See* ECF No. 79 at 8 ("Movant presents no legal support for requiring discovery in a proceeding involving a motion to quash and concedes that any discovery allowed under the Colorado Anti-SLAPP may only be allowed for 'good cause.'") (citing ECF No. 38 at 4); *see also id.* at 9 n.6. Thus, he cannot make that argument now. Accordingly, Movant's objections are overruled.

2. *Objection to Denial of Motion for Leave to Supplement and Supplemental Notice*

Movant next objects to the denial of his Motion for Leave to Supplement, ECF No. 48, and his Supplemental Notice of New Evidence, ECF No. 57. *See* ECF No. 87 at 6. Movant fails to persuade that the magistrate judge erred in denying these motions.

*First*, Movant himself said that the motion for leave to supplement "adds arguments" to the prior anti-SLAPP motion. ECF No. 48 at 1. But adding arguments to a previously filed motion is improper, and Movant identifies no intervening change in law that demands supplemental arguments. *See, e.g.*, *Hachmeister v. Williams*, No. 25-3112-JWL, 2025 WL 3537522, at *3 (D. Kan. Dec. 10, 2025) ("[Petitioner] should not file addenda or supplements to a previously filed motion that contain arguments or exhibits that could have been submitted with the initial motion."); *see also id.* ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." (citation modified)).

*Second*, in his objection to the denial of his supplemental notice regarding new evidence, ECF No. 87 at 6, Movant fails to persuade the magistrate judge erred in denying this notice. His supplemental notice argues and identifies "new evidence" in support of his "anti-SLAPP request," ECF No. 57 at 2, and seeks a $250,000 sanction against Plaintiff and Plaintiff's counsel, *id.* at 6. Regarding this "new evidence," Movant observes that his alleged harassment occurred after "[he] filed papers identifying himself." *Id.* at 2. Putting aside that Movant has failed to show this evidence is newly acquired, and thus that supplementation is warranted, *cf. Hachmeister*, 2025 WL 3537522, at *3, it is hard for the Court to determine that Plaintiff is at fault for Movant's own conduct. *See also The*

*Gray Eagle*, 76 U.S. 505, 508 (1869) ("A party himself in fault cannot recover from any one."). This is particularly true where, as here, Movant acknowledged himself that he operates the at-issue website at a prior, public hearing. As for Movant's sanction request, four generalized bullet points about Plaintiff's alleged conduct, *see* ECF No. 57 at 5–6, is insufficient to show that sanctions are appropriate for what is essentially a discovery dispute. *See, e.g.*, *Berg v. Ayesh*, No. 13-1164-DDC-KGG, 2014 WL 2603890, at *7 (D. Kan. June 11, 2014) ("The party seeking sanctions has the burden to show that sanctions are warranted . . . Defendants here have not carried this burden. They have not shown that plaintiff has engaged in sanctionable conduct in this action." (citation modified)). For these reasons the Court discerns no reason to sustain Movant's objection to the magistrate judge's determination regarding his two supplements. *Cf.* ECF No. 48; ECF No. 57.

### 3. *Objection to Denial of Movant's Duplicative Motions as Moot*

Movant further objects to Magistrate Judge O'Hara's characterization of certain of Movant's successive filings as "duplicative," which were denied as moot. ECF No. 87 at 7–9 (citing ECF Nos. 31, 32, 44, 45). Rather than taking issue with the denial of these motions, Movant's objection is primarily aimed at the characterization of these motions as duplicative and argues that conclusion "is clearly erroneous and contrary to law because it inaccurately attributes the duplication to Movant rather than to clerical errors in the handling of pro se email submissions." ECF No. 87 at 7. The Court reads Movant's objection to mean that he is most concerned about this alleged "misattribution" which he contends "not only distorts the record but also prejudices Movant by implying intentional

or negligent conduct on his part, when the duplications resulted from the Clerk's Office's processing of automated email responses." *Id*. Movant's objection is overruled.

Although the Court acknowledges that Movant is a pro se litigant without electronic filing access and must rely on the Clerk of the Court to file his briefing, that does not change or alter the substance of his successive motions, which were denied as moot for raising the same substantive issue on which Magistrate Judge O'Hara already ruled. *See* ECF No. 79 at 9 ("Plaintiff filed several duplicative Motions. *See* ECFs 32 & 45 (duplicative of ECF 26); ECFs 31 & 44 (duplicative of ECF 27). The Court denies these duplicative Motions as moot."). A determination that these motions were duplicative did not, as Movant suggests, "imply[] fault on Movant's part," ECF No. 87 at 8, nor will it "prejudice future proceedings," *id.* Moreover, Movant repeatedly concedes that the duplicative filings were identical to the motions on which Magistrate Judge O'Hara ruled. *See id.* (describing the duplicative motions as "identical in content" to previous filings); ECF No. 107 at 2 (describing "duplicative entries . . . on the docket (ECFs 31, 32, 44, 45), which were identical to the original filings"). Contrary to his objection, Magistrate Judge O'Hara's conclusion that ECF Nos. 31, 32, 44, 45 were duplicative of previous filings aligns with Movant's own characterization of these documents and neither suggests fault on Movant's part, nor has any impact on the future of his proceedings in this matter. Accordingly, his objection is overruled.

### 4. *Movant's Additional Objections*

Finally, Movant raises two additional objections with the portions of Magistrate Judge O'Hara's order (1) concerning Movant's tone and language in his filings, and (2)

setting a hearing on certain of Movant's then-pending motions. ECF No. 87 at 9–12. Neither objection is sustained.

*First*, Movant's argument that Magistrate Judge O'Hara's "admonition against '*malicious, insulting, abusive, or profane language*' and threat to strike/sanction future filings" is not "contrary to law as an unconstitutional prior restraint on speech," as Movant contends. ECF No. 87 at 9. Nor is it "overbroad" or "chilling protected advocacy." *Id*. As Magistrate Judge O'Hara correctly stated and as discussed at length above, the Court, including magistrate judges, have "inherent authority to impose order, respect, and decorum in any case before it." ECF No. 79 at 9–10 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005)). This is true even though Movant proceeds pro se. "Notwithstanding the leniency we ordinarily afford pro se litigants, [the Court] 'will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents.'" *Pola v. Utah*, 458 F. App'x 760, 763 (10th Cir. 2012) (citing *Garrett,* 425 F.3d at 841). Having already discussed the propriety of the Court's restrictions on Movant's filings and use of disrespectful language, the Court need not address the same concern in the context of Magistrate Judge O'Hara's order.

However, with respect to Movant's contention that he "has no idea what speech the Magistrate finds '*malicious, insulting, abusive, or profane language'* enough to restrain without definitive explanation," ECF No. 87 at 10, the Court directs Movant to his language in several places on the docket.[16] Prohibiting unproductive, offensive language and

---

[16] *See, e.g.*, ECF No. 46 ("I say to Plaintiff's counsel, 'suck a dick, just not mine'"); ECF No. 99 (referring to Plaintiff's attorneys as "Bimbos"); ECF No. 101 (same); ECF No. 100 (referring to Plaintiff as "a dipshit public figure"); ECF No. 59-1 at 1 (referring to Plaintiff as a "[n - - - - -] extremist[]"); *id.* at 5 (referring to Plaintiff's counsel as a "retarded [n - - - - -] cock sucking tranny whore from San Diego"); *id.* at 6 (telling

name-calling in the court is not unconstitutional; it is consistent with the Court's exercise

of its authority, including its authority to sanction a litigant for their failure to comply with

such a prohibition. *See, e.g.*, *Pola*, 458 F. App'x at 763 (striking pro se litigant's "abusive

and offensive language" based on the court's "inherent power 'to impose order, respect,

decorum, silence, and compliance with lawful mandates.'" (citing *Garrett,* 425 F.3d at

841)). Although Movant's First Amendment rights permit him to voice his opinion using

any kind of language he chooses in other forums, he does not have free reign to do so

here.

   *Second*, Movant objected to Magistrate Judge O'Hara setting a hearing on ECF

Nos. 26, 30, 33, 47, 77 before Movant's pending objections were resolved. ECF No. 87

at 12. The Court is not convinced that such a decision "violates judicial economy" as

Movant contends, *id.*, particularly because litigants often received responses to their

pending motions more quickly when they are set for a hearing than when the Court is

ruling on the briefing only. Nevertheless, the hearing on ECF Nos. 26, 30, 33, 47, 77 has

already been held and concluded, *see* ECF No. 91, and the Court is now ruling on

Movant's objections. Accordingly, Movant's additional objections, ECF No 87, are

overruled and denied as moot.

---

Plaintiff's counsel to "stop sucking [n - - - - -] dick you nasty tranny whore"); *id.* at 7 (questioning whether Plaintiff's counsel is a "liberal white whore sucking [n - - - - -] dick"); *id.* at 8 (referring to Plaintiff as a "political faggot"); *id.* at 9 (referring to Plaintiff's counsel as a "retarded whore" and Plaintiff as a "worthless thug deadbeat dad"); *id.* at 10 (referring to Plaintiff as a "worthless bitch ass human"); ECF No. 59-3 at 2 (referring to Plaintiff as a "faggot [n - - - - -] dead beat dad two bit bitch," Plaintiff's counsel as "tranny dick sucking whores" and telling Plaintiff's counsel that he "will stop at nothing until you are disbarred and sucking [n - - - - -] dick for meth"). Although certain of these docket entries contain communications from Movant that were not submitted directly to the Court by Movant himself, the Court identifies these communications to illustrate the type of language that the Court considers malicious, insulting, abusive, or profane.

### D. Movant's Limited Objections to Magistrate Judge's Order Denying Movant's Motion to Stay [ECF No. 108]

Following Magistrate Judge O'Hara's oral ruling on February 6, 2026, ECF No. 91, Movant filed a Motion to Stay Enforcement of Magistrate Judge O'[H]ara's Oral Rulings Pending Filing and Resolution of Objections, ECF No. 95. After considering Movant's arguments and applying the factors set forth in *Nken v. Holder*, 556 U.S. 418, 434 (2009), Magistrate Judge O'Hara denied Movant's motion to stay. *See* ECF No. 103. Movant then filed Non-Party Movant Joseph A. Camp's Limited Objections Under Fed. R. Civ. P. 72(a) to Order Denying Motion to Stay, and Request for Interim Stay Pending Resolution of These Objections. *See* ECF No. 108. These objections are overruled.

Movant makes clear that his objections are indeed limited and "directed **solely** to the Magistrate Judge's February 16, 2026 Order denying Movant's Motion to Stay Enforcement." *Id.* at 1 (citing ECF No. 103) (emphasis in original).[17] Movant represents that his objections present "only one issue" for the Court's consideration: "[w]hether the Magistrate Judge erred in denying a stay where enforcement of the underlying order will occur before the District Judge can review that denial." *Id.* at 2. Equally clear is the relief Movant requests, which he categorizes as "modest and procedural: preservation of the status quo long enough for the District Judge to decide whether the denial of a stay was proper." *Id.* at 3. Movant's primary argument is that "[b]y denying a stay while maintaining immediate enforcement, the Order effectively prevents the District Judge from exercising

---

[17] The objection specify that "Movant does **not**, through this filing, present objections to the underlying discovery ruling itself." ECF No. 108 at 1. The Court understands this to mean that Movant is not objecting to Magistrate Judge O'Hara's oral ruling on February 6, 2026.

meaningful review authority" *Id.* Movant contends that "[i]f enforcement occurs first, the Court cannot later grant effective relief even if the objection is sustained." *Id.*

While Movant's point is well-taken, he has not convinced the Court that it is appropriate to reverse Magistrate Judge O'Hara's order on the motion to stay. In the Tenth Circuit, the "right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). And Movant has not established that the order denying his motion to stay was "clearly erroneous or contrary to law," as Rule 72(a) requires. *See* Fed. R. Civ. P 72(a). This is particularly so given that all Movant sought was a stay that would be in place long enough for the Court to "decide whether the denial of a stay was proper." ECF No. 108 at 3. It has now been a little over a week since Movant's objections were filed, and the Court is now ruling on them. Accordingly, Movant's request for a stay is moot. The cases Movant presents in support of his objections are inapposite and do not otherwise convince the Court that a stay is appropriate.[18] Accordingly, Movant's limited objection, ECF No. 108, is denied.

## III.    CONCLUSION

Consistent with the foregoing analysis, the Court hereby orders the following:

---

[18] Although Movant does not otherwise object to the substance of Magistrate Judge O'Hara's ruling, the Court notes that his order denying Movant's motion to stay was not clearly erroneous or is contrary to law. As noted in the order, "[a]lthough D.C.COLO.LCivR 30.2(b) permits the option of a stay, it is left to judicial discretion. Such relief 'should be granted sparingly.'" ECF No. 103 at 4 (citing *Stanisavljevic* v. *Standard Fire Ins. Co.*, No. 22-cv-03287-RM-SBP, 2024 WL 3201638, at *1 (D. Colo. June 27, 2024).)). The Court agrees that Magistrate Judge O'Hara's consideration of Movant's arguments and analysis of the *Nken* factors support the conclusion that Movant's motion to stay be denied. *See* ECF No. 103.

- Non-Party Joseph A. Camp's Motion for Recusal of District Judge Charlotte N. Sweeney, to Stay All Proceedings, and For Stay of Release Pursuant to Magistrate Judge's Oral Order of February 6, 2026, ECF No. 110, is DENIED;

- Non-Party Movant Joseph A. Camp's Motion for Reconsideration of Minute Order (ECF No. 50), ECF No. 86, is DENIED;

- Amended Non-Party Joseph A. Camp's Emergency Objections to Magistrate Judge's Order Pursuant to Fed. R. Civ. P. 72(a), ECF No. 87, are OVERRULED;

- Non-Party Joseph A. Camp's Limited Objections Under Fed. R. Civ. P. 72(a) to Order Dening Motion to Stay, and Request for Interim Stay Pending Resolution of These Objections, ECF No. 108, are OVERRULED; and

- Non-Party Joseph A. Camp's Motion to Strike Plaintiff's Response (ECF 113) and for Sanctions for Failure to Effect Service, ECF No. 116, is DENIED AS MOOT.

Additionally, the Court imposes the following new filings to apply to any future

filings submitted by Movant in this matter:

(1) Movant must seek leave from the Court before filing any motions by submitting a motion for leave, with the proposed substantive motion included as an attachment, to the Clerk of the Court. Once received by the Clerk's office, the Clerk is directed to docket the motion for leave and any attachments.

(2) Movant may only file documents in this action, including but not limited to any motions seeking leave, by submitting them in hard copy to the Clerk's office via the mail.

(3) The Clerk of the Court is directed to decline to accept any filings submitted by Movant via email to the Clerk's Office at cod_prose_filing@cod.uscourts.gov.

(4) Movant shall not send any correspondence or filings via email to the Clerk of the Court or the Chambers email inbox for either Judge Sweeney or Magistrate Judge O'Hara. Any such emails will be summarily disregarded.

DATED this 27th day of February 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge